## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-IA-01877-SCT

*AMERISTAR CASINO VICKSBURG, INC.*

*v.*

*JIMMY L. DUCKWORTH*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/11/2006 |
| TRIAL JUDGE: | HON. ISADORE W. PATRICK, JR. |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | TIMOTHY D. MOORE |
| | WHITMAN B. JOHNSON |
| | CURRIE GRIFFIN JOHNSON |
| ATTORNEY FOR APPELLEE: | MARK W. PREWITT |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED AND REMANDED - 06/19/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE WALLER, P.J., DICKINSON AND RANDOLPH, JJ.

## DICKINSON, JUSTICE, FOR THE COURT:

¶1.    The lawsuit underlying this appeal addresses the Mississippi Gaming Commission's ("MGC") jurisdiction to resolve a dispute arising from a casino's promotional drawing. The question presented is whether a promotional drawing (as held by the casino in this case) constituted a "game" or a "gaming debt," in which case the MGC enjoys exclusive jurisdiction as conferred by the Mississippi Gaming Control Act ("MGCA"); or a "promotional giveaway,"[1] in which case the dispute must be decided under the common law, as applied in our trial courts.

_____

[1] The trial court and the parties' briefs refer to it as a "raffle."

**STATEMENT OF FACTS AND PROCEEDINGS**

¶2. Ameristar Casino Vicksburg, Inc. ("Ameristar") held a promotional drawing titled "$190,000 Dream Car Giveaway" which was open only to Ameristar Star Awards cardholders who obtained entries based on their play at the casino. Players were required to be present in the casino to win. The entries were placed in a drum, from which ten finalists were drawn at random. The winner was allowed to spin a prize wheel to determine whether he or she would win a car or money. Subsequently, Ameristar declared Jimmy L. Duckworth as the winner and gave him $5,461 in cash and a check for $35,000.

¶3. However, Ameristar stopped payment on the check, contending that Duckworth received the contest entry form in an unauthorized manner in violation of the rules of the promotion.[2] Duckworth reported this incident to the MGC, which issued a notice of violation to Ameristar for failing to immediately report the dispute.

¶4. On June 7, 2006, Duckworth filed a complaint in the Circuit Court of Warren County, seeking payment of the $35,000 check. On June 27, 2006, Ameristar filed a motion to dismiss, arguing that the MGC had exclusive jurisdiction over any dispute arising from the Giveaway. The circuit court concluded that the promotional drawing was a "promotional giveaway,"[1] rather than a "game" or "gaming debt" as defined within the MGCA. Thus, because promotional giveaways are not covered by the MGCA, the circuit court refused to relinquish jurisdiction to the MGC. Ameristar appeals the circuit court's decision. We

---

[2]Ameristar argues in its "Motion to Dismiss Pursuant to Rule 12(b)(1)" that Duckworth did not earn the ticket and it was not awarded to him by Ameristar. Rather, it was allegedly transferred to him by his brother. Paragraph 8 of the official rules clearly states that tickets are non-transferable.

2

affirm, albeit substituting "promotional giveaway" for the trial court's nomenclature "raffle" for the drawing.

## ANALYSIS

¶5. Jurisdiction and statutory interpretation are matters of law and, therefore, we review de novo a trial court's rulings on such matters. ***Grand Casino Tunica v. Shindler***, 772 So. 2d 1036, 1038 (Miss. 2000) (citing ***Wright v. White***, 693 So. 2d 898, 900 (Miss. 1997)).

¶6. The outcome of this case is governed by the MGCA, codified at Mississippi Code Annotated Section 75-76-1, *et seq*. (Rev. 2000). One portion of the MGCA necessary to resolve this dispute states:

> A claim by a patron of a licensee for payment of a ***gaming*** debt not evidenced by a credit instrument may be resolved by the executive director in accordance with Section 75-76-159 through 75-76-165, inclusive.

Miss. Code Ann. § 75-76-157(2) (Rev. 2000) (emphasis added).

¶7. Although the statute employs the term "may be resolved" (suggesting concurrent jurisdiction) rather than "shall be resolved" (suggesting exclusive jurisdiction), this Court nevertheless has held that "all gaming matters are the exclusive jurisdiction of the Mississippi Gaming Commission." ***Grand Casino Tunica v. Shindler***, 772 So. 2d 1036, 1038 (Miss. 2000) (citing Miss. Code Ann. § 75-76-157). Therefore, we consider whether a particular dispute between a patron and a casino springs from "a gaming debt." The Act provides the following definitions:

> Except as otherwise provided by law, "game" or "gambling game" means any banking or percentage game ***played with cards***, ***with dice*** or with any mechanical, electromechanical or electronic ***device or machine for money***, property, checks, credit or any representative of value . . . or any other game or device approved by the commission. However, "game" or "gambling

3

game" shall not include bingo games or raffles which are held pursuant to the provisions of Section 97-33-51.

Miss. Code Ann. § 75-76-5(k) (Rev. 2000) (emphasis added).

¶8. Further, Mississippi Code Annotated Section 75-76-5(l) states that "gaming" or "gambling" means "to deal, operate, carry on, conduct, maintain or expose for play any game as defined in this chapter." Miss. Code Ann. § 75-76-5(l) (Rev. 2000).

¶9. This Court must apply the plain meaning of unambiguous statutes. *Richmond v. City of Corinth*, 816 So. 2d 373, 377-78 (Miss. 2002). The statute which controls this case is not ambiguous and its plain meaning applies. The provisions of the Gaming Control Act clearly limit the MGC's jurisdiction to disputes between patrons and casinos arising from gambling debts.

¶10. Upon review of the record, we agree with the trial court that Ameristar's giveaway did not involve gambling, and was not a "game" as defined by the Gaming Control Act. The giveaway was open to Ameristar cardholders who received tickets to be used in a drawing. Although the number of entries for the drawing was based upon the amount of play at the casino, the tickets themselves cost nothing. Also, a free ticket was given to Ameristar cardholders simply upon showing valid ID.

¶11. The prize was awarded by random drawing. This random drawing clearly is not "played with cards, with dice, or with any . . . device or machine for money . . . ," and therefore, does not fall under the definition of a "game" or "gambling" as per the MGCA. Accordingly, we classify the drawing as a promotional giveaway and, therefore, subject to common-law jurisdiction.

4

**CONCLUSION**

¶12.    When applying the plain language of Mississippi Code Section 75-76-1, *et seq*., to the facts of this case, Ameristar's "Giveaway" does not qualify as a "game" or a "gaming matter," and the dispute between Duckworth and Ameristar is unrelated to a "gambling debt." Thus, the MGC does not have jurisdiction to decide this dispute. Accordingly, the judgment of the Circuit Court of Warren County is affirmed and this case is remanded for further proceedings consistent with this opinion.

¶13.    **AFFIRMED AND REMANDED**.

**SMITH, C.J., WALLER AND DIAZ, P.JJ., EASLEY, CARLSON, GRAVES, RANDOLPH AND LAMAR, JJ., CONCUR**.