LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. On October 5, 2005, the Mississippi Department of Environmental Quality (MDEQ) granted emergency authorization to 5K Farms, Inc. to accept and dispose of vegetative debris, or non-hazardous solid waste, generated as a result of Hurricane Katrina. In a memorandum dated February 8, 2006, the MDEQ notified 5K Farms that all sites for which emergency authorization was granted for the disposal of vegetative debris may be considered commercial disposal sites subject to reporting requirements on solid-waste-disposal activities. This memo stated that 5K Farms was required to file a report with the Mississippi State Tax Commission (MSTC)[1] showing the total amount of waste disposed of and ordering 5K to pay a fee in the amount of one dollar per ton.
¶ 2. 5K Farms sought instruction from the MSTC, which determined that 5K Farms was a commercial disposal site and, thus, subject to the fee. In June 2007, 5K Farms filed a solid-waste-fee annual report for the period between February 10, 2006, and May 4, 2006, reporting the disposal of 133,133 total tons of solid waste.
¶ 3. In March 2008, the MSTC notified 5K Farms that it had been assessed $157,096.94, a sum which included interest and penalties. 5K Farms appealed this assessment to the MSTC Board of Review arguing that it did not operate a disposal site but only used the debris to develop the land in order to plant blueberries. The Board found that 5K Farms was notified in February 2006 of the potential liability and upheld the assessment. 5K Farms then appealed to the full Commission.
¶ 4. The Commission determined that pursuant to statute, 5K Farms was a commercial non-hazardous solid-waste-management facility subject to the one-dollar-per-ton fee. The Commission further determined that there was no exemption in the law based on 5K Farms’ argument that its use of the land was beneficial. 5K Farms had argued that the land used to develop the farm was part of a land reclamation project. The Commission upheld the assessment of fees incurred during 2006, but it reduced the assessment to $133,133.
¶ 5. 5K Farms filed an appeal in the Hinds County Chancery Court. 5K Farms also filed a motion for supersedeas requesting the chancery court enter an order allowing 5K Farms to proceed without posting a bond as required and to prevent any collection proceedings against 5K Farms during the pendency of the case. 5K Farms attached a pauper’s affidavit signed by its vice president, David Kittrell, asserting that 5K Farms did not have the money to pay the required bond or the assessment.
¶ 6. The MSTC filed a motion to dismiss the appeal and objected to 5K Farms’ motion for supersedeas. After a hearing on the matter, the chancellor determined that 5K Farms could not proceed with the appeal as an indigent party; thus, 5K Farms was required to post the proper bond. The chancellor entered an order dismissing the case for lack of subject-matter jurisdiction.
*293 ¶ 7. 5K Farms now appeals, asserting the following issues: (1) the chancellor had jurisdiction to hear the appeal; (2) 5K Farms was entitled to appeal in forma pauperis; (3) the failure to post a bond or pay the tax as required by statute was a defect of form, so it was curable; and (4) the Legislature’s imposition of a bond or prepayment of a contested tax assessment violates 5K Farms’ due-process rights.
STANDARD OF REVIEW
¶ 8. “Jurisdiction and statutory interpretation are matters of law; therefore, we review de novo a trial court’s rulings on such matters.” Ameristar Casino Vicksburg, Inc. v. Duckworth, 990 So.2d 758, 759 (¶ 5) (Miss.2008).
DISCUSSION
I. JURISDICTION
¶ 9. In regard to appeals from an order of the Commission, we look to Mississippi Code Annotated section 27-77-5 (Rev.2005) and section 27-7-7 (Rev.2005). Both sections were amended effective July 1, 2010; thus, we look to the prior versions in effect in 2008 at the time of 5K Farms’ appeal to chancery court. Section 27-77-5(7) states the following:
If in its order the commission orders a taxpayer to pay a tax assessment, the taxpayer shall, within thirty (30) days from the date of the order, pay the amount ordered to be paid or properly appeal said order of the commission to chancery court as provided in Section 27-77-7. After the thirty-day period, if the tax determined by the commission to be due is not paid and an appeal from the commission order has not been properly filed, the agency shall proceed to collect the tax assessment as affirmed by the commission.
Section 27-77-7 states the following in pertinent part:
(1) The findings and order of the commission entered under Section 27-77-5 shall be final unless the taxpayer shall, within thirty (30) days from the date of the order, file a petition in the chancery court appealing the order and pay the tax or post the bond as required in this chapter. The petition shall be filed against the State Tax Commission and shall contain a concise statement of the facts as contended by the taxpayer, identify the order from which the appeal is being taken and set out the type of relief sought.
(3) A petition filed under subsection (1) of this section that appeals an order of the commission affirming a tax assessment, shall be accompanied by a surety bond approved by the clerk of the court in a sum double the amount in controversy, conditioned to pay the judgment of the court. The clerk shall not approve a bond unless the bond is issued by a surety company qualified to write surety bonds in this state. As an alternative to the posting of bond, a taxpayer appealing an order of the commission affirming a tax assessment may, prior to the filing of the petition, pay to the agency, under protest, the amount ordered by the commission to be paid and seek a refund of such taxes, plus interest thereon.
¶ 10. The requirements of section 27-77-7 are clear. The taxpayer has thirty days to file an appeal in the chancery court. The taxpayer is also required to pay a bond or the amount of the tax under protest. A basic tenet of statutory construction is that “shall” is mandatory and “may” is discretionary. Planters Bank & Trust Co. v. Sklar, 555 So.2d 1024, 1027 (Miss.1990). There is no question that the *294 language of the statute is plain and unambiguous. 5K Farms was required to post a bond or pay the amount of the tax under protest, and it did neither; thus, the chancellor did not err in dismissing the case. This issue is without merit. We must now determine whether 5K Farms should have been allowed to appeal in forma pauperis.
II. IN FORMA PAUPERIS
¶ 11. In its second issue on appeal, 5K Farms argues that it should have been allowed to appeal in forma pauperis. 5K Farms contends that the filing of the appeal alone confers jurisdiction regardless of payment of a bond or the amount of the tax. As previously stated, the statute requires a bond to be posted with the appeal. Mississippi Code Annotated section 11-53-17 (Rev.2002) provides that persons who are indigent may proceed in civil actions as paupers. However, according to Life and Casualty Insurance Co. v. Watters, 190 Miss. 761, 772-74, 200 So. 732, 733-34 (1941) and Nelson v. Bank of Mississippi, 498 So.2d 365, 365-66 (Miss.1986), the statute dealing with in-forma-pauperis actions applies only to courts of original jurisdiction and not to courts of appeal. See also Ivy v. Merchant, 666 So.2d 445, 447 (Miss.1995); Moreno v. State, 637 So.2d 200, 202 (Miss.1994); Bessent v. Clark, 974 So.2d 928, 931-32 (¶¶ 11-12) (Miss.Ct.App.2007); and Nickens v. Melton, 38 F.3d 183, 184 (5th Cir.1994).
¶ 12. Based upon the foregoing, it is clear that 5K Farms was not entitled to proceed in forma pauperis when appealing the order of the Commission to the chancery court. This issue is without merit.
III. DEFECT OF FORM
¶ 13. In its third issue on appeal, 5K Farms argues that dismissal was unwarranted because failure to pay the tax or post a bond was a form defect. However, this is not an instance where the bond was defective. In order to perfect its appeal, 5K Farms was ordered by statute to file a written notice and pay a bond or the amount of the tax under protest. 5K Farms failed to post a bond; thus, its appeal was not perfected. See Riley v. Town of Lambert, 856 So.2d 721, 723 (¶ 9) (Miss.Ct.App.2003) (“appeal is not perfected until two things occur: the filing of a written notice of appeal and a cost bond”). This issue is without merit.
IV.DUE-PROCESS CLAIM
¶ 14. In its final issue on appeal, 5K Farms briefly contends that the statute requiring payment of a disputed assessment or a bond securing the same is a violation of its due-process rights. However, this Court cannot review matters which were not ruled upon by the lower court. Barnes v. Singing River Hosp. Sys., 733 So.2d 199, 202-03 (¶ 9) (Miss.1999). Furthermore, Rule 24(d) of the Mississippi Rules of Civil Procedure requires that proper notice be given to the Attorney General when the constitutionality of a statute is challenged “to afford him an opportunity to intervene and argue the question of constitutionality.” Rule 44(a) of the Mississippi Rules of Appellate Procedure similarly requires service of any appellate brief challenging the validity of a statute “on the Attorney General, the city attorney, or other chief legal officer of the governmental body involved.” M.R.A.P. 44(a). “Except by special order of the court to which the case is assigned, in the absence of such notice neither the Supreme Court nor the Court of Appeals will decide the question until the notice and right to respond contemplated by this rule has been given to the appropriate governmental body.” M.R.A.P. 44(c). 5K Farms’ failure to raise the issue of the constitutionality of section 27-77-7 at trial *295 or to notify the Attorney General of its constitutional challenge of the statute results in a procedural bar on this issue. See Pickens v. Donaldson, 748 So.2d 684, 691 (¶ 31) (Miss.1999).
¶ 15. THE JUDGMENT OF THE HINDS COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
GRIFFIS, P.J., MYERS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED IN PART BY IRVING, P.J.

. Effective July 1, 2010, the State Tax Commission was reorganized and is now known as the Department of Revenue.