CARLSON,
Presiding Justice, for the Court:
¶ 1. We granted certiorari in this matter to address the specific question of whether the requirement to post a pretrial bond set out in Mississippi Code Sections 27-77-5 and 27-77-7 (Rev.2005) is procedural or jurisdictional. If procedural, it would constitute an intrusion by the Legislature into the assigned powers of this Court and of the judicial branch of government, and a violation of Article 6, Sections 144 and 146 of the Mississippi Constitution. Having considered the issue, we find that this Court’s precedent is clear. The requirement of a pretrial bond relates to appellate jurisdiction and is within the powers of the Legislature. Accordingly, we affirm the judgments of the Court of Appeals and of the Chancery Court for the First Judicial District of Hinds County.
FACTS AND PROCEEDINGS IN THE TRIAL COURT
¶ 2. 5K Farms, Inc. (5K Farms) is a newly formed blueberry farm, which produced its first saleable crop in 2009. On October 5, 2005, following Hurricane Katrina, the Mississippi Department of Environmental Quality (MDEQ) granted emergency authorization to 5K Farms to accept and dispose of vegetative debris generated as a result of that storm. 5K Farms used this vegetative debris for agricultural development.
¶ 3. On February 8, 2006, the MDEQ notified 5K Farms by means of a memorandum that all sites for which emergency authorization was granted for the disposal of vegetative debris would be considered commercial disposal sites subject to reporting requirements on solid-waste-disposal activities. In the same memorandum, 5K Farms was notified that it was required to file a report with the Mississippi State Tax Commission (MSTC), now known as the Mississippi Department of Revenue (MDR), showing the total amount of vegetative debris it had received. 5K Farms was ordered to pay a fee on the debris in the amount of one dollar per ton.
¶ 4. 5K Farms sought further instruction from the MSTC, which determined that 5K Farms was a commercial disposal site and, as a result, found it to be subject to the fee. In June, 2007, 5K Farms filed a solid-waste-fee annual report for the period between February 10, 2006, and May 4, 2006. 5K Farms reported, in total, the disposal of 138,133 tons of solid waste.
¶ 5. In March 2008, the MSTC notified 5K Farms that it had been assessed $157,096.94, a sum which included the fee of one dollar per ton on 133,133 tons of waste, as well as interest and penalties. *223 5K Farms appealed this assessment to the MSTC Board of Review. 5K Farms argued in its appeal that it did not operate a disposal site, but rather, only used the debris to develop the land for the planting of blueberries. The Board of Review found that 5K Farms was notified in February 2006 of its potential liability and upheld the MSTC’s assessment. 5K Farms then appealed this ruling to the full Commission.
¶ 6. The Commission determined that 5K Farms was indeed a commercial nonhazardous solid-waste-management facility, and that it was thus subject to the fee of one dollar per ton. 5K Farms had argued that the land used to develop the farm was part of a land-reclamation project. Although 5K Farms argued that its use of the land was beneficial, the Commission found no exemption in the law on that basis. The Commission upheld the assessment of fees incurred during 2006. But the assessment was reduced to $138,133, equivalent to the rate of one dollar per ton of waste used, without an assessment for interest or penalties.
¶ 7. 5K Farms filed an appeal in the Chancery Court for the First Judicial District of Hinds County. At the same time, 5K Farms filed a motion for supersedeas, requesting that the chancery court enter an order allowing 5K Farms to proceed without posting a bond as required under Mississippi Code Sections 27-77-5 and 27-77-7 (Rev. 2005). These statutes have since been revised. Section 27-77-5(7), as it appeared in 2005, stated:
If in its order the commission orders a taxpayer to pay a tax assessment, the taxpayer shall, within thirty (30) days from the date of the order, pay the amount ordered to be paid or properly appeal said order of the commission to chancery court as provided in Section 27-77-7. After the thirty day period, if the tax determined by the commission to be due is not paid and an appeal from the commission order has not been properly filed, the agency shall proceed to collect the tax assessment as affirmed by the commission....
Section 27-77-7, as it appeared at the time, stated, in pertinent part, that:
(1) The findings and order of the commission entered under Section 27-77-5 shall be final unless the taxpayer shall, within thirty (30) days from the date of the order, file a petition in the chancery court appealing the order and pay the tax or post the bond as required in this chapter....
(3) A petition filed under subsection (1) of this section that appeals an order of the commission affirming a tax assessment shall be accompanied by a surety bond approved by the clerk of the court in a sum double the amount in controversy, conditioned to pay the judgment of the court....
Miss. Code Ann. § 27-77-7(1) and (3) (Rev. 2005). The motion also requested that the chancellor prevent any collection proceedings against 5K Farms during the pen-dency of the case. 5K Farms attached to its motion a pauper’s affidavit signed by its vice president, David Kittrell. This affidavit asserted that 5K Farms, as a new farming operation, did not have the money to pay the required bond or the assessment.
¶ 8. The MSTC filed a motion to dismiss the appeal and objected to 5K Farms’ motion for supersedeas. After a hearing on the matter, the chancellor determined that 5K Farms could not proceed with the appeal as an indigent party. 5K Farms was granted no relief from the requirement to post the proper bond. The chancellor entered an order dismissing the case for lack of subject-matter jurisdiction. 5K Farms *224 then appealed the issue to this Court and we assigned the case to the Court of Appeals.
PROCEEDINGS IN THE COURT OF APPEALS
¶ 9. On appeal, 5K Farms asserted the following issues: (1) whether the chancery court had jurisdiction to hear the appeal; (2) whether 5K Farms was entitled to appeal as a pauper; (8) whether 5K Farms’ failure to post a bond or pay the tax as required by law was a defect of form such that it was curable; and (4) whether the Legislature’s statutory imposition of a bond or prepayment of a contested tax assessment violated 5K Farms’ due-process rights. 5K Farms, Inc. v. Miss. State Tax Comm’n, 94 So.3d 291, 293 (¶ 7) (Miss.Ct.App.2011). Finding no merit in any of these issues, the Court of Appeals affirmed the judgment of the chancery court. Id. at 293-95 (¶¶ 9-15).
DISCUSSION
¶ 10. This Court granted certiorari solely to review whether the pretrial bond requirement found in Mississippi Code Sections 27-77-5 and 27-77-7 (Rev.2005) relates to appellate jurisdiction and is constitutional, or is procedural and unconstitutional. Arcadia Farms Partnership v. Audubon Ins. Co., 77 So.3d 100,104 (Miss.2012) (upon a grant of certiorari, this Court, under Mississippi Rule of Appellate Procedure 17(h), may limit its review to a particular issue). 5K Farms challenged the constitutionality of these statutes before the Court of Appeals in its due-process claim. However, that Court determined that the matter had not been ruled upon by the chancery court, and therefore was beyond the review of an appellate court. 5K Farms, Inc. v. Miss. State Tax Comm’n, 94 So.3d 291, 294 (¶ 14) (Miss.Ct.App.2011) (citing Barnes v. Singing River Hosp. Sys., 733 So.2d 199, 202-03 (Miss.1999)).
¶ 11. Furthermore, the Court of Appeals’ majority noted that Mississippi Rule of Appellate Procedure 44(a) required service of any appellate brief challenging the validity of a statute “on the Attorney General, the city attorney, or other chief legal officer of the governmental body involved. M.R.A.P. 44(a).” 5K Farms, 94 So.3d at 294 (¶ 14). The exception is that “by special order of the court to which the case is assigned, in the absence of such notice neither the Supreme Court nor the Court of Appeals will decide the question until the notice and right to respond contemplated by this rule has been given to the appropriate governmental body.” M.R.A.P. 44(c).
¶ 12. Since 5K Farms did not provide notice to the Attorney General that it was challenging the constitutionality of the statute, as required under Mississippi Rule of Appellate Procedure 44(a), the Court of Appeals took an appropriate course of action in not addressing the issue, and this Court could well have done the same. The general rule is that we will riot address issues raised for the first time on appeal, particularly where constitutional questions are concerned. See, e.g., Mabus v. Mabus, 890 So.2d 806, 811 (Miss.2003); Stockstill v. State, 854 So.2d 1017, 1023 (Miss.2003).
¶ 13. Instead, viewing this jurisdictional issue as worthy of consideration, we proceeded by issuing a special order as allowed under Mississippi Rule of Appellate Procedure 44(c). See Patterson v. State, 594 So.2d 606, 609 (Miss.1992) (quoting Colburn v. State, 431 So.2d 1111, 1114 (Miss.1983)) (“matters of jurisdiction may be raised for the first time on appeal.”). By order entered on November 28, 2011, this Court provided notice to the Attorney General and requested supplemental briefing from both parties as well as from the *225 Attorney General as amicus curiae. All three entities have submitted supplemental briefing, which this Court has reviewed in arriving at its conclusions in today’s opinion.
I. WHETHER THE CLAIM OF UNCONSTITUTIONALITY OF THE STATUTE CAN BE REVIEWED.
¶ 14. Jurisdiction and statutory interpretation are matters of law, and we review de novo a trial court’s rulings on such matters. Ameristar Casino Vicksburg, Inc. v. Duckworth, 990 So.2d 758, 759 (Miss.2008); see also Grand Casino Tunica v. Shindler, 772 So.2d 1036, 1038 (Miss.2000) (citing Wright v. White, 693 So.2d 898, 900 (Miss.1997)). The Court of Appeals’ majority opinion held that the constitutionality of the bond requirement found in Mississippi Code Sections 27-77-5 and 27-77-7 (Rev.2005) was not reviewable on appeal because it had not been raised at trial. The dissent, which stated that the bond requirement was unconstitutional, noted that this Court has found that “[w]hen a valid complaint is filed, the judiciary then governs the procedure surrounding the assertion of the legislatively created right to sue.” 5K Farms, 94 So.3d at 295 (¶ 17) (Carlton, J., dissenting) (citing Wimley v. Reid, 991 So.2d 135, 137-38 (Miss.2008)).
¶ 15. Judge Carlton further noted in her dissent that “[o]nce the court’s jurisdiction attaches, the Legislature lacks the authority to regulate judicial discretion or deprive the judiciary of its established jurisdiction.” 5K Farms, 94 So.3d at 295 (¶ 17) (citing Jones v. City of Ridgeland, 48 So.3d 530, 536 (Miss.2010), and Alexander v. State By and Through Allain, 441 So.2d 1329, 1335-36 (Miss.1983) (overruled on other grounds)). Furthermore, the dissent noted our holding in Jones that “ ‘[t]he rule is well settled that the judicial power cannot be taken away by legislative action ... [and] [a]ny legislation that hampers judicial action or interferes with the discharge of judicial function is unconstitutional.’ ” Jones, 48 So.3d at 536 (citing 16 Am.Jur.2d Constitutional Law § 286, 209-10 (1998)). See also City of Belmont v. Miss. State Tax Comm’n, 860 So.2d 289, 297 (Miss.2003).
¶ 16. In Wimley, we held that:
[T]his Court has never required compliance — strict or otherwise — with unconstitutional statutory provisions.... [H]ere, the parties raised and briefed the issue of whether failure [to comply with Section. 11-1-58] should result in dismissal of the suit. Because the parties failed to brief the constitutionality of the statute, insofar as it usurps this Court’s constitutional authority and duty to promulgate procedural rules for the courts of Mississippi, we required supplemental briefs.
Wimley-, 991 So.2d at 137. Similarly, in Jones we wrote:
We view the statute to be procedural in nature rather than jurisdictional. Procedure is defined as ' “[t]he mode of proceeding by which a legal right is enforced, as distinguished from the substantive law which gives or defines the rights, and which, by means of the proceedings, the court is to administer; the machinery, as distinguished from its product.” Black’s Law Dictionary 1203-04 (6th ed. 1990). When appealing to this Court, litigants use our Rules of Appellate Procedure as their “mode of proceeding” to ensure that the .contested “legal right is enforced.” The “three-court-rule” in Section 11-51-81 essentially turns off this Court’s “machinery” in the appeals process.
Jones, 48 So.3d at 537. The present statute, like those statutes at issue in Wimley and Jones, involves a creditable argument *226 that a statute crosses the line of demarcation between the jurisdiction-conferring powers of the Legislature and the procedural powers of this Court.
¶ 17. We also briefly note these statutes in their current form, as set out in Mississippi Code Sections 27-77-5 and 27-77-7 (Rev.2010). The text of the statutes has been changed, so that 27-77-7 now reads, in pertinent part:
(3) A petition filed by a taxpayer under subsection (1) of this section that appeals an order of the Board of Tax Appeals affirming a tax assessment shall be accompanied by a surety bond approved by the clerk of the court in a sum half the amount in controversy, conditioned to pay the judgment of the court. The clerk shall not approve a bond unless the bond is issued by a surety company qualified to write surety bonds in this state. Notwithstanding the above bond requirement, the chancellor retains jurisdiction, after motion, notice and hearing, to reduce the amount of the bond....
Miss.Code Ann. § 27-77-7 (Rev.2010) (emphasis added). Notably, when comparing the 2005 and 2010 versions of the statute, the bond requirement has been reduced from double to half of the amount of the disputed tax, and the chancellor has been granted the discretion that he/she previously lacked to reduce the amount of the bond. The constitutionality of the 2010 versions of these statutes is not at issue in the present case.
¶ 18. The chancery court explicitly determined that it lacked jurisdiction in this matter, where the plaintiffs had neither paid the bond required by those statutes nor paid the tax under protest. The plaintiffs disagreed with this holding and raised it as a point of error on appeal. “Matters of jurisdiction” may be raised for the first time on appeal. See Patterson 594 So.2d at 609 (Miss.1992) (quoting Colburn, 431 So.2d at 1114).
¶ 19. Furthermore, we granted certio-rari in this case to determine whether these statutes were within the Legislature’s province of establishing the jurisdiction of the appellate courts. If the statutes at issue are determined to be procedural, our determination will be that the Legislature has improperly intruded into a realm belonging to the Judiciary under our system of separation of powers. In contrast, if the statutes are determined to be jurisdictional, the Legislature was operating within its proper realm of authority.
¶ 20. Our proceeding in this case is grounded in the precedent of this Court; in Wimley, where the parties failed to brief the constitutionality of the statute, we required supplemental briefs. Wim-ley, 991 So.2d at 137. Consistent with Wimley, we have done the same in the instant case. Thus, since we have proceeded under Mississippi Rule of Appellate Procedure 44(c) by ordering' supplemental briefing from the parties as well as the Attorney General as amicus curiae, we now proceed to review 5K Farms’ claim that the two statutes under attack are unconstitutional.
II. WHETHER MISSISSIPPI CODE SECTIONS 27-77-5 AND 27-77-7 (2005) ARE UNCONSTITUTIONAL.
¶ 21. In assailing the constitutionality of Sections 27-77-5 and 27-77-7 as they appeared at the time of the litigation, 5K Farms must “overcome the strong presumption” that the Legislature acted within its constitutional authority. See Cities of Oxford, Carthage, Starkville, and Tupelo v. Northeast Elec. Power Ass’n, 704 So.2d 59, 65 (Miss.1997) (citing Loden v. Miss. Public Serv. Comm’n, 279 So.2d *227 636, 640 (Miss.1973)). The statutes must be shown to be in direct conflict with “the clear language of the constitution.” PHE, Inc. v. State, 877 So.2d 1244, 1247 (Miss.2004) (citations omitted). “[T]he courts are without the right to substitute their judgment for that of the Legislature as to the wisdom and policy of the act and must enforce it, unless it appears beyond all reasonable doubt to violate the Constitution.” Pathfinder Coach Div. of Superior Coach Corp. v. Cottrell, 216 Miss. 358, 362, 62 So.2d 383, 385 (1953) (citation omitted). “When a party invokes our power of judicial review, it behooves us to recall that the challenged act has been passed by legislators and approved by a governor sworn to uphold the selfsame constitution as are we.” State v. Roderick, 704 So.2d 49, 52 (Miss.1997) (citations omitted). This deference to legislative enactments is particularly strong involving constitutional challenges to taxation statutes. See City of Belmont v. Miss. State Tax Comm’n, 860 So.2d 289, 306 (Miss.2003) (“With matters involving the collection, expenditure and disbursement of the taxpayers’ monies, we must afford great deference to that branch of state government vested with clear constitutional and statutory responsibilities.”).
¶ 22. The Mississippi Constitution of 1890 vests in this Court the “inherent power ... to promulgate procedural rules.... ” Newell v. State, 308 So.2d 71, 76 (Miss.1975) (citations omitted). This holding rests on the “fundamental constitutional concept of the separation of powers” defined in Article 1, Sections 1 and 2, and Article 6, Section 144. Id. at 77. In contrast, it is the “Legislature [that] has the constitutional power to determine our appellate jurisdiction.... ” Jones, 48 So.3d at 536 (citing Miss. Const, art. 6, §§ 144, 146). A party has no right to appeal an administrative agency’s decision except where the Legislature has expressly conferred such a right. Gill v. Miss. Dep’t of Wildlife Conservation, 574 So.2d 586, 590 (Miss.1990).
¶ 23. This Court repeatedly has held that statutory appeal bonds are jurisdictional-that is, they relate to a court’s appellate jurisdiction. See, i.e., Jackson State Univ. v. Upsilon Epsilon Chapter of Omega Psi Phi Fraternity, Inc., 952 So.2d 184, 186 (Miss.2007) (holding that because plaintiff “fail[ed] to file a petition for writ of certiorari and to post a bond with security [in accordance with statute], the circuit court did not have jurisdiction ....”) (citations omitted); Miss. State Pers. Bd. v. Armstrong, 454 So.2d 912, 915 (Miss.1984) (“This Court has repeatedly held that statutory bond requirements are jurisdictional.”) (citations omitted). Even in Wimley, one of the two cases primarily relied upon by 5K Farms, we held that “pre-suit requirements are clearly within the purview of the Legislature, and do not encroach upon this Court’s rule-making responsibility. Indeed, we consistently have held that the Legislature has authority to establish presuit requirements as a condition precedent to filing particular kinds of lawsuits.” Wimley, 991 So.2d at 139.
¶ 24. Again, 5K Farms relies on Wim-ley to support its position that Sections 27-77-5 and 27-77-7 are unconstitutional. However, 5K Farms’s reliance on this case is misplaced. Wimley addressed Mississippi Code Section 11-1-58 (Supp.2011), which requires plaintiffs bringing a medical malpractice action to attach to their complaint either a certificate demonstrating that their attorney had consulted with a medical expert, or that the attorney was unable to obtain the consultation due to time constraints. That case held the statute to be procedural, since it required the dismissal of lawsuits that were in full compliance with the Mississippi Rules of Civil *228 Procedure. See Wimley, 991 So.2d at 138-39. Wimley, which involved an original action filed in the trial court, is distinguishable from the instant case, which involves an appeal from an administrative-agency decision to the trial court, sitting as an appellate court. Furthermore, the Mississippi Rules of Civil Procedure do not apply to administrative appeals, but only to original actions that are “commenced by filing a complaint”; so the same concerns are not present. See Miss. R. Civ. P. 3(a).
¶ 25. Another case that 5K Farms mistakenly relies on is Jones v. Ridgeland, wherein this Court which addressed the “three-court rule” of Mississippi Code Section 11-51-81, which prohibited litigants in many cases[1] from appealing decisions from justice or municipal court, to county court, to circuit court, and then to the Supreme Court. This Court held that rule to be unconstitutional because it found the statute to be procedural. Jones, 48 So.3d at 537. However, the three-court rule limited this Court’s ability to hear certain appeals from lower courts, whereas the instant statute imposes a limitation on the chancery court’s jurisdiction over decisions made by an administrative agency within the executive branch of government. The analogy of Jones and the instant case is inapposite. Jones provides no support for the position taken by 5K Farms.
¶ 26. 5K Farms brings to this Court’s attention the existence of rules providing for the posting of a bond when appealing to the circuit court from administrative hearings. See URCCC 5.08 & 5.09. These rales address, respectively, obtaining supersedeas in an appeal from an administrative agency to the circuit court (Rule 5.08), and cost bonds for cases on appeal to the circuit court (Rule 5.09). Furthermore, this Court has enacted Mississippi Rule of Appellate Procedure 8, supplanting Mississippi Code Section 11-51-31. Rule 8 provides the procedure for calculating and posting supersedeas bonds in cases on appeal to the Mississippi Supreme Court. None of these rules deals specifically with appeals from an administrative agency. Neither the Mississippi Department of Revenue nor the amicus curiae, the Attorney General, addresses these rules specifically. 5K Farms argues that the existence of the enumerated rules renders bonds a procedural issue.
¶27. Conversely, the Attorney General, writing as amicus curiae, has called to this Court’s attention a number of statutes requiring parties to post a bond as a condition precedent to perfecting their appeals from administrative-agency decisions.[2] The existence of these statutes indicates that the principle that bonds relate to appellate jurisdiction and hence are *229 within the purview of the Legislature is well grounded in Mississippi law.
¶ 28. The chancellor in the order dismissing the case stated that “[w]hile this Court is sympathetic to the situation encountered by 5K [Farms], the clear language of the relevant statutes prevents this Court from allowing Plaintiff to proceed .... ” We, too, view 5K Farms’ plight with sympathy. Under the 2005 version of the statute that was then current, the chancellor had no discretion to waive or lower the bond requirement, which 5K Farms, a new agricultural operation, claims that it did not have the funds to pay. However, we accord great deference to the Legislature regarding tax policy, and the Legislature also determines our appellate jurisdiction.
¶ 29. With all of these factors in mind, it does not appear beyond all doubt that the versions of Sections 27-77-5 and 27-77-7 that were in effect when this case originated were procedural, rather than jurisdictional, statutes. As a result, this Court must uphold these statutes as constitutional.
CONCLUSION
¶ 30. The pretrial bond requirement derived from Mississippi Code Sections 27-77-5 and 27-77-7 (Rev.2005) is a requirement governing appellate jurisdiction rather than a procedural requirement. Thus, its enactment was properly within the province of the Legislature, our coequal branch of government. We do not find this requirement to violate the separation of powers, and we thus uphold it as constitutional. As a result, we affirm the judgments of the Court of Appeals and the Chancery Court for the First Judicial District of Hinds County.
¶ 31. AFFIRMED.
WALLER, C.J., DICKINSON, P.J., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR. KING, J., NOT PARTICIPATING.

. These cases were in counties which have county courts.

. These include Mississippi Code Sections 11-51-95 (providing for judicial review, by way of a writ of certiorari, of decisions made by "lower tribunals”; incorporating bond requirement found in writ of certiorari statute, Mississippi Code Section 11-51-93); Mississippi Code Section 25-9-132(1) ($500 bond required in appeal from Employee Appeals Board); Mississippi Code Section 37-3-2(16) (appeal from licensing decision of State Board of Education perfected by filing of $200 bond in appeals;) Mississippi Code Section 37-9-113(2) (conditioning right of appeal from school board proceeding on filing of $200 bond); Mississippi Code Section 49-17-29(5)(b) (appeal from decision of Mississippi Environmental Quality Permit Board not perfected without posting of a bond between $100 and $500); Mississippi Code Section 49-17-41 (appeal bond between $100 and $500 required in appeals of decisions made by Commission on Environmental Quality); Mississippi Code Section 53 — 1—39(b) (requiring $500 surety bond in appeals from State Oil and Gas Board).