# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CC-00206-COA

| | |
|---|---|
| **CHRISTIAN SHRIVER AND MICHELLE SHRIVER** | **APPELLANTS** |

**v.**

| | |
|---|---|
| **BOYD BILOXI LLC D/B/A IP CASINO RESORT SPA** | **APPELLEE** |

| | |
|---|---|
| DATE OF JUDGMENT: | 01/18/2018 |
| TRIAL JUDGE: | HON. LISA P. DODSON |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANTS: | MARVIN M. VINING |
| ATTORNEY FOR APPELLEE: | KATHRYN H. HESTER |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 01/08/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GREENLEE, J., FOR THE COURT:**

¶1. Christian and Michelle Shriver appeal the decision of the Harrison County Circuit Court, which affirmed the decision of the Mississippi Gaming Commission (the Commission). The Commission adopted its Hearing Examiner's determination that the Commission's Executive Director properly found that the Shrivers were not entitled to the redemption of their vouchers by Imperial Palace Casino Resort Spa (IP Casino). On appeal, the Shrivers assert that: (1) the Executive Director exceeded his statutory authority in allowing IP Casino's internal rules to determine whether the Shrivers' vouchers were expired; (2) the Commission does not have jurisdiction over their dispute; (3) the Shrivers

are not bound by the patron-dispute process; (4) the Commission's Executive Director does not have jurisdiction over common-law tort claims; and (5) there are strong policy reasons as to why the Commission's Executive Director should not be allowed to exceed its statutory authority. We affirm the circuit court's judgment.

## FACTS AND PROCEDURAL HISTORY

¶2. Christian and Michelle Shriver are a married couple. The husband was an unemployed engineer who made his living by gambling in 2012 and 2013. He placed nearly $3 million into IP Casino slot machines during that time and had net gains of over $110,000. At the same time, the wife placed approximately $3.5 million into IP Casino slot machines and had net gains of over $170,000.

¶3. The couple received more than $41,000 of those gains in twenty-one individual slot vouchers but failed to redeem those vouchers within the sixty-day expiration date for "personal reasons." Each voucher had printed on its face, "Ticket void after 60 days," or a variation of that phrase.

¶4. When they attempted to redeem the vouchers in April 2015, IP Casino initially refused to honor them because the casino was unable to verify their legitimacy due to a change in casino machinery in 2013. After an internal investigation, IP Casino deemed that the vouchers were legitimate but still refused to honor them; this time because they had expired long before the attempted redemption.

¶5. The Shrivers then filed a patron dispute with the Commission as provided by Mississippi Code Annotated section 75-76-157 (Rev. 2000). After the Commission's

2

investigation, its Executive Director found that the Shrivers were not entitled to the redemption:

> After carefully reviewing the Shriver's complaint and the accompanying investigative file prepared by the Mississippi Gaming Commission, I have concluded that the cashout vouchers and procedures in question comply with both the requirements set forth in 13 Mississippi Administrative Code Part 7, Rule 9.7, as well as the casino's own internal policy. Therefore, they are not entitled to collect the disputed $41,317.43.

¶6.    Next, the Shrivers filed a petition requesting a hearing to reconsider the Executive Director's findings. The Hearing Examiner also found that IP Casino had complied with applicable Mississippi law in denying the Shrivers' attempted redemption:

> The Mississippi Gaming Commission retains exclusive jurisdiction over this matter pursuant to Miss. Code Ann. § 75-76-157(2), as Petitioners' claim springs directly from IP Casino's failure to pay gaming debts not evidenced by a credit instrument. The Hearing Examiner is certainly sympathetic to the predicament Petitioners now find themselves in related to the expired vouchers. Notwithstanding, IP Casino complied with 13 Miss. Admin. Code Pt. VII, R. 9.7, as properly promulgated by the Commission, and the expiration date was clearly printed on each voucher. Petitioners knew the vouchers had expiration dates and multiple options were available to Petitioners for timely redeeming the vouchers. Unfortunately, Petitioners elected not to utilize any of these available options for more than two years. Accordingly, Petitioners have failed to meet their burden of showing that the Executive Director's decision was incorrect in this matter.

> Based upon the foregoing, the Hearing Examiner finds that the Executive Director's decision in favor of IP Casino should be, and hereby is, affirmed.

¶7.    After the Shrivers chose not to seek review of the Hearing Examiner's decision within the ten-day window under Mississippi Code Annotated section 75-76-119 (Rev. 2000), the Commission declined to review the decision and adopted the findings.

¶8.    The Shrivers appealed, and the Harrison County Circuit Court reviewed the

3

Commission's decision under Mississippi Code Annotated section 75-76-171(3) (Rev. 2000). The circuit court affirmed the Commission's decision to decline to review the Hearing Examiner's decision:

> [The Shrivers] challenge only the jurisdiction and the statutory authority of the Executive Director. The Hearing Examiner found that the dispute in this case was over a gaming debt. That is supported by the evidence as well as the provisions of the statutes. . . . The IP Internal Control at issue in this case was so approved [under Rule 9.1]. That Internal Control provides that the vouchers are of no value once the sixty (60) days elapses. The only discretion that IP has is to pay an expired voucher for appeasement purposes. It is not required to pay any expired voucher. The Shrivers have failed to establish that the decision and order of the Commission has prejudiced the substantial rights of the Shrivers by either a lack of jurisdiction or by any exceeding of statutory authority.

¶9. The Shrivers appeal the circuit court's decision, asserting that: (1) the Executive Director exceeded his statutory authority by allowing IP Casino's internal rules to determine whether the Shrivers' vouchers were expired; (2) the Commission does not have jurisdiction over their dispute; (3) the Shrivers are not bound by the patron-dispute process; (4) the Commission's Executive Director does not have jurisdiction over common-law tort claims; and (5) there are strong policy reasons as to why the Commission's Executive Director should not be allowed to exceed its statutory authority.

**STANDARD OF REVIEW**

¶10. Our supreme court has recently abandoned the old standard of review that gave high deference to agency interpretations of statutes. *King v. Mississippi Military Dep't*, 245 So. 3d 404, 408 (¶12) (Miss. 2018). "Because only statutes are at issue in the case *sub judice*, we today address the standard of review only as it applies to agency interpretations of statutes."

4

*Id.* at 407 (¶9). Therefore, this court will proceed with the proper *de novo* standard of review instead.

## DISCUSSION

¶11. The Mississippi Gaming Control Act of 1990 (the Act) is codified from section 75-76-1 to section 75-76-325 of the Mississippi Code Annotated. The Act authorized the creation of the Mississippi Gaming Commission (the Commission), as well as enumerated the powers of the Commission's Executive Director. Miss. Code Ann. § 75-76-7(2) (Rev. 2016); Miss. Code Ann. § 75-76-21 (Rev. 2016). The statutes authorize the Executive Director to retain significant authority in overseeing internal casino procedures and disputes with casino customers.

I. **Did the Executive Director exceed his authority by allowing IP Casino's internal rules to determine whether the Shrivers' vouchers were expired?**

¶12. The Shrivers assert that the Executive Director of the Commission exceeded his statutory authority by allowing IP Casino's internal rules to determine whether the Shrivers' vouchers were expired. IP Casino argues that the Commission was authorized to promulgate Rule 9.7 and the Executive Director was authorized to find that IP Casino's actions complied with that regulation.

¶13. When the Mississippi Legislature authorized the creation of the Commission under section 75-76-7(2) of the Mississippi Code Annotated, it also detailed the powers of the Commission's Executive Director. Miss. Code Ann. § 75-76-21. The Executive Director is authorized to "direct and supervise all administrative and technical activities of the

5

commission . . . ." Miss. Code Ann. § 75-76-23 (Rev. 2016). One of the activities with which the Commission is charged is the regulation of games and wagering systems. Miss. Code Ann. § 75-76-51 (Rev. 2016) ("The commission shall adopt regulations which prescribe the manner in which winnings, compensation from games and gaming devices, and gross revenue must be computed and reported by the licensee.").

¶14. Some of the Commission's adopted rules include requiring that casinos use only chips and tokens approved by the Executive Director and setting standards for slot machines. 13 Miss. Admin. Code Pt. 7, Ch. 7, R. 7.1 (2011) ("All games shall be conducted only with the use of chips or approved tokens or other instrumentalities which have been approved by the Executive Director, or with lawful currency or coinage of the United States of America."); 13 Miss. Admin. Code Pt. 7, Ch. 7, R. 9.1 (2011) (detailing "minimum procedures or standards, prescribed by the Executive Director for adoption by each licensee . . ."). The most pertinent rules here, however, are Rules 9.7(a) and 9.7(b), which say:

> (a) Slot Machine Wagering Vouchers are bar coded vouchers created through a cashless wagering system which allows collective hardware, software, communications technology, and other associated equipment to facilitate wagering. The bar coded voucher can be redeemed at the casino cage, voucher redemption kiosk, or inserted into a compatible slot machine. Vouchers redeemed must be validated through the cashless wagering system prior to payment.

> (b) Each voucher must contain the following printed information: 1. licensee name, city and state; 2. slot machine number or printer station number, as applicable; 3. date and time of issuance; 4. alpha and numeric dollar amount; 5. sequence number; 6. validation number; 7. second printing of validation number on the leading edge of the voucher; 8. unique identifier (e.g. bar code); 9. transaction type or other acceptable method of differentiating voucher type; and 10. expiration period or date when the voucher will expire.

13 Miss. Admin. Code Pt. 7, Ch. 7, R. 9.7(a)-(b) (2011). Clearly, the Commission requires casino vouchers to contain "expiration period[s] or date[s] when the voucher[s] will expire."

¶15.    The vouchers that the Shrivers submitted meet these requirements. Plainly and on the face of the vouchers are expiration dates:



IP Casino's vouchers adhere to the requirements promulgated by the Executive Director. Furthermore, the promulgation of these requirements is completely within the Executive Director's statutory authority. As the circuit court noted in its order, "[t]he Shrivers' challenge to the Internal Control concerning vouchers is not really that there was no authority for its approval; they merely complain about its terms."

¶16.    Therefore, we affirm the circuit court's decision and find that the Executive Director did not exceed his statutory authority.

**II.     Does the Commission have jurisdiction over the Shrivers' dispute?**

¶17.    The Shrivers argue that our supreme court in *Ameristar Casino Vicksburg Inc. v. Duckworth*, 990 So. 2d 758 (Miss. 2008), limited the jurisdiction of the Commission over patron disputes to "gaming debts," which was only later statutorily expanded to include

patron disputes over "promotional activity." Therefore, they assert the *Duckworth* court distinguished and effectively overruled *Grand Casino Tunica v. Shindler*, 772 So. 2d 1036 (Miss. 2000). Furthermore, they assert their case does not fall within the Commission's jurisdiction because it is not "a dispute between a licensee and a patron associated with promotional activity." IP Casino responds that both *Duckworth* and *Shindler* recognize that the Commission is "the exclusive venue for seeking payment of a gambling debt." They agree that the vouchers were not a promotional activity, the expiration dates are mandated by statute, and it is within IP Casino's discretion to pay or not pay expired vouchers.[1] Therefore, they assert that the dispute is under the Commission's jurisdiction.

¶18.     The Act bestows upon the Commission's Executive Director certain powers. Miss. Code Ann. § 75-76-21. Specifically, it authorizes him to resolve disputes between patrons and casinos:

> A claim by a patron of a licensee for payment of a gaming debt not evidenced by a credit instrument, and a dispute between a licensee and a patron associated with a promotional activity as defined in Section 75-76-5(nn), shall be resolved by the executive director in accordance with Sections 75-76-159 through 75-76-165, inclusive. The resolution of such a claim or dispute by the executive director shall include any claims for alleged winnings or losses . . . .

Miss. Code Ann. § 75-76-157(2).

¶19.     We agree that the dispute over the vouchers is not over "promotional giveaways." *Duckworth*, 990 So. 2d at 760 (¶10) (Miss. 2008) (holding that "random drawing clearly is not 'played with cards, with dice, or with any . . . device or machine for money . . . ,' and therefore, does not fall under the definition of a 'game' or 'gambling' as per [the Act]").

---

[1] For clarity, we have combined issues two and three of the Shrivers' brief.

Rather, the vouchers exist by virtue of the Shrivers' gambling activities. They were created by a machine for money, and per the Mississippi Supreme Court's holding in *Duckworth*, cannot be "promotional giveaways." The vouchers qualify as "gaming debts," and the Mississippi Code Annotated hands the Executive Director jurisdiction over disputes on "gaming debts." Therefore, we affirm the circuit court's holding that jurisdiction was proper.

### III. Are the Shrivers bound by the patron-dispute process?

¶20. On appeal, the Shrivers argue that they should be free to file a civil suit against IP Casino and not be bound by the patron-dispute process governed by the Commission. IP Casino contends that *Shindler* holds that a party cannot initiate the patron-dispute process and then seek relief in circuit court. IP Casino argues, therefore, that the Shrivers are estopped from filing a separate civil suit in Harrison County Circuit Court.

¶21. In its order, the circuit court wrote the following:

> [I]t is first noted that it was the Shrivers themselves who invoked the jurisdiction of the Commission. They initiated this matter by filing the patron dispute information pursuant to gaming statutes. They participated in the investigation of this matter by an Agent of the Commission. . . . The Shrivers have consistently sought to avail themselves of the remedies provided by the statutes and regulations adopted pursuant to the gaming statutes on the one hand, but contest that very same jurisdiction on the other. They cannot have it both ways.

¶22. We agree. The Shrivers want two bites at the apple, just in different venues. "The Mississippi Gaming Control Act codified the idea by making all gaming matters the exclusive jurisdiction of the Mississippi Gaming Commission." *Shindler*, 772 So. 2d at 1038 (¶10). In that codification, "[t]he Legislature gave the public a right that they had not possessed before, but with this right came the requirement that gaming matters be handled

9

by the Mississippi Gaming Commission." *Id.* And because "[i]t is a fundamental principle that parties may not continually relitigate the same claims until they get the desired result," *Id.* at 1039 (¶14), the Shrivers are bound by the patron-dispute process. We affirm the circuit court's judgment.

### IV. Does the Commission's Executive Director have jurisdiction over common-law tort claims?

¶23. The Shrivers argue that their constitutional right to trial by jury in this case is fundamental. Because it is well established in Mississippi that tort and fraud causes of action require a jury trial, *e.g., Isaac v. McMorris*, 461 So. 2d 714, 715 (Miss. 1984), they argue that this Court should allow the Shrivers to seek a jury trial in this case. IP Casino responds that the Mississippi Supreme Court rejected the constitutional claim of the right to a jury trial in *Shindler*, holding that the Gaming Control Act gives patrons a right they would not otherwise have had because a claim based on gambling in Mississippi is illegal and void at common law.

¶24. The Shrivers are correct in their assertion that "a civil plaintiff has a constitutional right to a jury trial." *Shindler*, 772 So. 2d at 1040. But this dispute is related to gambling activities. And our legislature created a legal forum that allows them to seek redress where before they had none. The jurisdiction of the Commission is proper and the circuit court's judgment is affirmed.

### V. Are there strong policy reasons as to why the Commission's Executive Director should not be allowed to exceed its statutory authority?

¶25. The Shrivers argue that because the Commission is funded by casino fees and not by

10

taxpayers—as required by the Act—there is no oversight and patrons' rights are violated. IP Casino argues that the current structure is statutorily authorized.

¶26. After examination of the Shrivers' brief, we conclude that they failed to provide any statutory provision or caselaw in support of their public-policy argument. In this case, the Executive Director did not exceed its authority. The Shrivers' policy argument is better suited for the Legislature to address than this Court.

## CONCLUSION

¶27. We affirm the circuit court's judgment and find that: (1) the Executive Director did not exceed its statutory authority in allowing IP Casino's internal rules to determine whether the Shrivers' vouchers were expired; (2) the Commission has jurisdiction over their dispute because IP Casino's vouchers were a gaming debt; (3) the Shrivers are bound by the patron-dispute process; (4) the Shrivers' dispute is not a common-law tort claim; and (5) the Shrivers' policy argument is not supported by statutory provision or caselaw.

¶28. **AFFIRMED.**

**GRIFFIS, C.J., BARNES AND CARLTON, P.JJ., WILSON, WESTBROOKS AND TINDELL, JJ., CONCUR. McDONALD, LAWRENCE AND McCARTY, JJ., NOT PARTICIPATING.**

11