CARLTON, J.,
for the Court:
¶ 1. On May 23, 2011, the Harrison County Chancery Court granted a motion to dismiss filed by the Harrison County School Board (HCSB). Melinda Breland appeals from the order of dismissal and raises the following assignments of error: (1) whether the chancellor erred in granting the HCSB’s motion to dismiss on the ground that Breland failed to timely appeal her case to the chancery court after receiving notice of the school board’s final decision terminating her employment; and (2) whether the chancellor erred in granting the HCSB’s motion to dismiss on the grounds that Breland failed to perfect her appeal by not paying a $200 bond, when the court dismissed the action prior to a hearing on the merits and without allowing Breland the opportunity to perfect her appeal by paying the minimal bond, constituting a dismissal on form rather than substance.[1] Finding no error, we affirm.
*63 FACTS
¶ 2. Breland worked as a public school teacher at West Wortham Elementary School in the Harrison County School District (HCSD). On May 21, 2010, Heather Blenden, the principal of West Wortham Elementary School, recommended to Henry Arledge, the Superintendent of Education for the HCSD, that Breland be terminated due to her history of verbal and physical violence against children in a setting in which Breland was charged with assuming the safety and well-being of the children. Thereafter, the HCSD provided Breland with notice of her termination with an effective date of May 27, 2010. In accordance with Mississippi Code Annotated section 37-9-111 (Rev.2007), Breland requested a termination hearing. The termination hearing commenced on September 21, 2010, before a hearing officer.
¶ 3. The HCSB subsequently reviewed the September 21, 2010 hearing transcript and heard closing argument from Bre-land’s attorney, Thomas E. Payne, on December 6, 2010. On December 12, 2010, the HCSB voted to uphold the recommendations of the superintendent to not continue Breland’s employment with the HCSD.
¶ 4. During oral arguments before the chancery court, Albert L. Necaise, attorney for the HCSB, informed the chancellor that on December 17, 2010, a letter dated December 16, 2010, was sent to Payne by U.S. Mail and facsimile, notifying Payne of the decision of the HCSB.[2]
¶ 5. On January 10, 2011, Breland filed a notice of appeal, which was dated January 7, 2011, with the Harrison County Chancery Clerk. Breland, however, failed to file the required bond under Mississippi Code Annotated section 37-9-113(2) (Rev. 2007). Thereafter, on April 15, 2011, the HCSB moved to dismiss Breland’s appeal as untimely and for failure to post the required bond under section 37-9-113(2).
¶ 6. The Harrison County Chancery Court held a hearing on April 21, 2011. At the hearing, the chancellor heard oral arguments from Necaise on the HCSB’s motion to dismiss. Payne, Breland’s attorney, informed the court that he had not received the HCSB’s motion to dismiss, and having no notice of the pending motion, he requested time after April 21, 2011, to respond to the motion. The chancellor noted that Breland failed to file a bond as statutorily required and that the appeal was filed more than twenty days from receipt of the HCSB’s decision, but he allowed Breland’s request for a continuance. The chancellor gave Breland “until Friday next week at 5:00 to file some kind of response to it.” The chancellor also added that he was inclined to grant the motion to dismiss “on my own motion,” but gave Breland the additional time to respond.
¶ 7. On May 2, 2011, Breland filed a response to the motion to dismiss, in which she contended that she timely and properly perfected her appeal. In her response, Breland stated:
A review of the [c]alendar and following the requirements of [Mississippi Rule of Civil Procedure] 6(e)[,] the [p]laintiffs appeal was timely filed. The [d]efen-dant’s notification came by mail and was dated December 16, 2010. Pursuant to [Rule] 6(e)[,] when a notification is served by mail[,] three days must be added to the computation.... The date the letter is sent is not counted in the computation!;] therefore!,] the twenty *64 day time period begins on December 17, 2010. Counting from December 17, including intermittent weekend days[,] would mark the 20th consecutive calendar day on January 5th, 2011. Once the three days are added pursuant to [Rule] 6(e)[,] the deadline for filing is extended to January 8th, 2011. Since January 8th, 2011[,] falls on a SaturdayU the Rule extends the filing deadline to the next business day which would have been January 10, 2011.... The appeal notice was mailed on January 7, 2011[,] and was received and stamp filed on January 10, 2011. The appeal notice arrived on the twentieth day and was not, untimely, as alleged in [djefendant’s motion.
Breland also claimed that the filing of the $200 bond could be accomplished at a “later date.”
¶ 8. On May 23, 2011, the chancellor entered an order granting the HCSB’s motion to dismiss Breland’s appeal. The chancellor found that the chancery court lacked jurisdiction because the appeal was not timely filed and Breland failed to file the bond in the time and manner required. Breland now appeals.
STANDARD OF REVIEW
¶ 9. When reviewing a trial court’s grant or denial of a motion to dismiss, this Court employs a de novo standard of review. Farmer v. State of Miss. Dep’t of Pub. Safety, 907 So.2d 981, 984 (¶ 8) (Miss.Ct.App.2005) (citing Spencer v. State, 880 So.2d 1044, 1045 (¶ 6) (Miss.2004)). Further, jurisdictional matters are reviewed de novo. R.A.S. Jr. v. S.S., 66 So.3d 1257, 1259 (¶ 10) (Miss.Ct.App.2011) (citing Calvert v. Griggs, 992 So.2d 627, 631 (¶ 9) (Miss.2008)).
DISCUSSION
Whether Breland Failed to Perfect her Appeal by Not Complying with the Timely Filing and Bond Requirements of Mississippi Code Annotated section 37-9-113(2).
¶ 10. Breland argues that the chancery court erred in granting the HCSB’s motion to dismiss. Breland claims that she filed her notice of appeal within the time period prescribed by statutory law, when considered in conjunction with the applicable rules of procedure, and that her failure to file the very minimal $200 bond was a minor procedural deficiency. Additionally, Breland asserts that the HCSB’s motion to dismiss was untimely filed and was not properly noticed for hearing.[3] Breland also claims that the motion to dismiss was granted based on unsupported and unsworn statements by the HCSB’s attorney. She claims there was insufficient evidence to prove that she received notice by facsimile at the office of her attorney or notice via U.S. mail. Finally, Breland argues that the HCSB failed to provide her with prior notice of the hearing on the motion to dismiss, and she had no opportunity to provide any verbal response to the extensive arguments before the court by the HCSB prior to dismissal of the appeal without a hearing.
*65 ¶ 11. After reviewing the record, we find that Breland failed to timely file and perfect her appeal according to the statutory requirements of section 37-9-113(2). Section 37-9-113(2) clearly states:
(1) Any employee aggrieved by a final decision of the school board is entitled to judicial review thereof, as hereinafter provided.
(2) An appeal may be taken by such employee to the chancery court of the judicial district in which the school district is located, by filing a petition with the clerk of that court and executing and filing bond payable to the school board with sufficient sureties, in the penalty of not less than two hundred dollars ($200.00), conditioned upon the payment of all of the costs of appeal, within twenty (20) days of the receipt of the final decision of the board.
(Emphasis added). While Breland attempts to find an extra three days and a safe harbor under Rule 6 of the Mississippi Rules of Civil Procedure for perfecting her appeal,[4] we find that the Mississippi Supreme Court has repeatedly held that the timely filing of an appeal is jurisdictional. See Calvert, 992 So.2d at 631 (¶ 9) (“A timely-filed notice of appeal is a jurisdictional prerequisite to invoking [the appellate court’s] review[.]”); In re Estate of Ware, 573 So.2d 773, 774 (Miss.1990) (recognizing that the time for perfecting an appeal is mandatory and jurisdictional). Further, we recognize that the Mississippi Rules of Civil Procedure do not apply to appeals from administrative agencies, “but only to original actions that are ‘commenced by filing a complaint[.]”’ 5K Farms, Inc. v. Miss. Dept. of Revenue, 94 So.3d 221, 228 (¶ 24) (Miss.2012) (quoting M.R.C.P. 3(a)); see also Brown v. Miss. Dep’t of Employment Sec., 29 So.3d 766, 770 (¶ 11) (Miss.2010) (“[Because [the Mississippi Employment Security Commission] is not a circuit, chancery, or county court, ‘the Mississippi Rules of Civil Procedure are not applicable to its administrative hearings or appeals.’ ”) (citation omitted); Hodgins v. Philadelphia Pub. Sch. Dist., 966 So.2d 1279, 1281 (¶ 6) (Miss.Ct.App.2007) (recognizing the school board as an administrative agency). As stated above, section 37-9-113(2) unambiguously requires filing a petition within twenty days of the receipt of the final decision of the Board. As such, Breland’s failure to file her notice of appeal within twenty days of the receipt of the decision of the HCSB in accordance with the statute deprived the chancery court of jurisdiction.
¶ 12. Furthermore, regardless of Bre-land’s claim that she filed her notice of appeal within the period of time prescribed by statutory law when considered in conjunction with the applicable rules of civil procedure, we find that the chancery court is still without jurisdiction since Breland failed to file a bond of $200 within twenty days of the receipt of the final decision of the HCSB, as statutorily required. See Miss.Code Ann. § 37-9-113(2). Far from being a “minor procedural deficiency” as Breland claims, Breland’s failure to file a timely bond is jurisdictional and is fatal to her appeal. “This Court repeatedly has held that statutory appeal bonds are juris *66 dictional — that is, they relate to a court’s appellate jurisdiction.” 5K Farms, 94 So.3d at 227 (¶ 23);[5] see also Jackson State Univ. v. Upsilon Chapter of Omega Psi Phi Fraternity, Inc., 952 So.2d 184, 186 (¶ 5) (Miss.2007) (finding that because plaintiff “fail[ed] to file a petition for writ of certiorari and to post a bond with security [in accordance with statute], the circuit court did not have jurisdiction.... ”); Miss. State Pers. Bd. v. Armstrong, 454 So.2d 912, 915 (Miss.1984) (noting that the supreme court “has repeatedly held that statutory bond requirements are jurisdictional.”).
¶ 13. Finally, we find that Breland can claim no prejudice from the timing of the HCSB’s motion to dismiss since the chancellor allowed her additional time to respond to the motion. Breland took advantage of the additional time granted and indeed filed a response to the motion to dismiss on May 2, 2011, prior to the chancery court’s order of dismissal.
¶ 14. Based on the foregoing, we affirm the Harrison County Chancery Court’s grant of the HCSB’s motion to dismiss.
¶ 15. THE JUDGMENT OF THE HARRISON COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, MAXWELL AND RUSSELL, JJ„ CONCUR. FAIR, J., NOT PARTICIPATING.

. We have consolidated Breland’s two issues into a single one for the purposes of our analysis.

. Specifically, Necaise's letter stated that "[t]he Harrison County School Board has voted to uphold the recommendation of the [sic] Henry Arledge, Superintendent of Education, to [not][r]enew Melinda Breland for the 2010-2011 school year.”

. Breland alleges that the HCSB filed its motion to dismiss on April 15, 2011, only six days before the date the chancery court was scheduled to hear the arguments on the merits of her appeal. Breland further asserts that the motion was not sent that day by facsimile transmission to her attorney; instead, the motion to dismiss was sent by mail but was never received. Breland claims that because the motion was sent by mail, three days were added to the time required for service of the motion to dismiss before the chancery court could properly hear the motion. Additionally, Breland alleges that the motion to dismiss was never noticed for hearing as required.

. Breland claims that her notification came by mail and was dated December 16, 2010. Pursuant to Rule 6(e), Breland argues that the twenty-day period began on December 17, 2010, and the twentieth day fell on Wednesday, January 5, 2011. Breland then contends that she was entitled to another three days under Rule 6(e) because the notification was served by mail, which extended the deadline to January 8, 2011. Since January 8, 2011 fell on a Saturday, Breland asserts that the filing deadline was Monday, January 10, 2011, the next business day. Breland alleges that her notice of appeal was mailed on January 7, 2011, and was received for filing on January 10, 2011.

. "The pretrial bond requirement derived from Mississippi Code Sections 27-77-5 and 27-77-7 (Rev.2005) is a requirement governing appellate jurisdiction rather than a procedural requirement.” 5K Farms, 94 So.3d at 229.