CARLTON, J.,
for the Court:
¶ 1. The Claiborne County School District (School District) terminated Daisy LaCour, Ph.D., from her position as principal of Port Gibson High School in Claiborne County on April 5, 2007. Since LaCour failed to properly and timely perfect her appeal of the decision of the Claiborne County School Board (School Board) in chancery court, as required by Mississippi Code Annotated section 37-9-113 (Rev.2007), and since LaCour failed to properly file suit for breach of contract, negligence, intentional tort, or a claim pursuant to 42 United States Code section 1983, before the statute of limitations expired, we affirm the chancery court’s dismissal of her claim.
¶ 2. The School District filed a motion to dismiss this appeal on October 31, 2012, and we passed this motion to the merits. In its motion, the School District claimed that LaCour failed to set forth any assignment of error in the chancery court’s order granting the School District’s motion to dismiss LaCour’s claim. The School District cites to Robinson v. Burton, 49 So.3d 660, 665 (¶ 16) (Miss.Ct.App.2010), for the proposition that the failure to specifically identify assignments of error constitutes a procedural bar. The School District further asserts that LaCour failed to address the issues raised in the School District’s motion to dismiss and the chancery court’s order; instead, she argued the merits of her breach-of-contract claim. The School District argues that LaCour may not raise new issues on appeal. Finally, the School District asserts that LaCour fails to cite any legal authority to rebut the School District’s claims that the chancery court lacked jurisdiction and that LaCour failed to comply with the applicable statute of limitations.
¶ 3. As to the merits of this appeal, LaCour indeed argues in her brief that the School District breached its employment contract with her, and she argues that she timely filed her action. LaCour responds to the School District’s motion to dismiss by arguing that “there are no ease laws that deal with ... School District ... breach of contract.” LaCour argues that the School District breached the contract by failing to pay her during the period after she was terminated and before the School Board issued a final decision after the termination hearing. LaCour’s argument in response to the motion to dismiss *1130 lacks merit and fails to address the chancery court’s lack of jurisdiction. As set forth later in this opinion, since LaCour failed to properly perfect in chancery court an appeal of the School Board’s decision to terminate her, then neither the chancery court nor this Court possesses jurisdiction to review these issues raised on appeal. Additionally, LaCour failed to timely or properly file any original action in state court for breach of contract, intentional tort, or negligence under the Mississippi Torts Claims Act (MTCA). We address the merits of the School District’s motion to dismiss , this appeal with the merits of the present matter.
FACTS
¶ 4. On April 5, 2007, the School District terminated LaCour from her position as principal of Port Gibson High School in Claiborne County.[1] On April 10, 2007, she requested a termination hearing before the School Board pursuant to Mississippi Code Annotated section 37-9-59 (Supp.2012). On July 24, 2007, LaCour filed a written charge with the United States Equal Employment Opportunity Commission (EEOC) alleging sexual discrimination by the School District and by Superintendent Annie Kilcrease.
¶ 5. On February 21, 2008, and October 1, 2008, the School District held its hearing with LaCour. On October 1, 2008, the School District, through its School Board, affirmed LaCour’s termination and notified LaCour’s attorney of this decision by letter. On October 17, 2008, LaCour appealed the School District’s decision to the Claiborne County Chancery Court.
¶ 6. Meanwhile, on September 24, 2008, the EEOC issued its written determination, finding that the School District discriminated against LaCour because of her sex, and therefore violated Title VII of the Civil Rights Act of 1964. As a result, the EEOC began conciliation efforts between LaCour and the School District. On October 27, 2008, the U.S. Department of Justice Civil Rights Division (Department) issued LaCour a letter providing notice of her right to sue within ninety days. The Department explained that it would not file suit for LaCour on her charge of discrimination; that conciliation efforts by the EEOC were unsuccessful; and that if LaCour wished to file suit herself under Title VII, then she had ninety days to do so.
¶ 7. While her appeal of her termination was pending in chancery court, LaCour filed a complaint on November 24, 2008, in the United States District Court for the Southern District of Mississippi against Superintendent Kilcrease and the School District, alleging that the District’s termination of LaCour from her position as principal constituted sexual discrimination in violation of Title VII.
¶ 8. On December 22, 2008, the chancery court entered an order dismissing LaC-our’s appeal of the School Board’s decision affirming her termination, holding that LaCour failed to file a statutory appeal bond pursuant to section 37-9-113. The chancellor also explained that since the chancery court only possessed appellate jurisdiction to hear the matter, and since LaCour “elected to file this action as an original bill of complaint,” then the chancery court possessed no jurisdiction to hear her action, since LaCour filed the action as an original complaint. LaCour did not appeal the chancellor’s order of dismissal to the Mississippi Supreme *1131 Court, but instead returned to federal court.
¶ 9. On January 20, 2009, LaCour filed an amended complaint in the federal district court adding claims of intentional infliction of emotional distress and tortious interference with business relations and/or contractual relations. On March 30, 2009, the federal district court entered an agreed order dismissing LaCour’s claim for intentional infliction of emotional distress. On July 29, 2009, the federal district court denied LaCour’s motion to dismiss the agreed order and found the claim for intentional infliction of emotional distress barred by the statute of limitations.
¶ 10. On August 13, 2009, the School District and Superintendent Kilcrease filed a motion for summary judgment in federal district court as to the remaining claims of sexual discrimination and tortious interference with business relations and/or contractual relations. Then, on August 20, 2009, LaCour filed a cross-motion for summary judgment alleging a state-law claim for breach of contract.
¶ 11. On December 28, 2009, the federal district court rendered its opinion granting the School District’s motion for summary judgment on the claims of sexual discrimination and tortious interference with business relations and/or contractual relations. The federal district court found LaCour’s cross-motion moot. However, since the cross-motion raised a new state law claim of breach of contract against the School District and Superintendent Kilcrease, the district court construed the cross-motion as a motion to amend the complaint to add that state-law breach-of-contract claim. The federal district court therefore ordered the School District and Superintendent Kilcrease to respond to the motion raising the new state-law claim.
¶ 12. On January 5, 2010, LaCour filed a motion in federal district court to amend her complaint to add a breach-of-contract claim. On January 8, 2010, she filed a supplemental motion to amend asserting the same allegations as set forth in her initial motion as to the new state-law claim of breach of contract.
¶ 13. The federal district court issued an order on January 28, 2010, addressing “[wjhether [LaCour] is statutorily barred under state law from asserting a breach of contract claim under [section] 37-9-59 against [the School District and Superintendent Kilcrease] because she did not exhaust her appeals as required by Mississippi law.” Upon finding that LaCour failed to exhaust her appeals as required by state law, the district court ultimately declined to exercise supplemental jurisdiction over the state-law breach-of-contract claim and dismissed the claim, without prejudice. In its order of dismissal, the district court advised LaCour that Mississippi law provides a three-year statute of limitations on breach-of-contract claims for written contracts, and provided that the limitations period for her breach-of-eon-tract claim would expire on April 5, 2010.
¶ 14. On July 6, 2010, the United States Court of Appeals for the Fifth Circuit affirmed the district court’s ruling granting the School District and Superintendent Kilcrease’s motion for summary judgment and dismissing LaCour’s motion to amend her complaint and supplemental motion to amend.
¶ 15. Then, a year and a half later, on December 21, 2011, LaCour returned to state chancery court, where she filed yet another original bill of complaint alleging breach of contract. In this new action, she alleged that on April 5, 2007, the School District wrongfully terminated her from her position as principal, and she claimed breach of contract due to the School District’s failure to provide a timely hearing *1132 and failure to compensate her in accordance with section 37-9-59. LaCour also alleged sexual discrimination and claimed that Superintendent Kilcrease acted with the intent to place LaCour in a state of mental anguish. Significantly, she again failed to exhaust her state statutory remedy of seeking in chancery court appellate review of the School Board’s decision to terminate her.
¶ 16. On January 20, 2012, the School District filed its motion to dismiss in the chancery court pursuant to Mississippi Rule of Civil Procedure 12(b)(6), stating that even if the chancellor accepted all of the allegations in the complaint as true, LaCour could not prove any set of facts to support her claim. The School District alleged that LaCour’s claim expired on April 5, 2010, and that her December 11, 2011 complaint was untimely filed. The School District also asserted that LaCour’s claims for sexual discrimination and intentional infliction of emotional distress were barred by res judicata. LaCour filed a response to the motion to dismiss, denying that the statute of limitations on her breach-of-contract claim had expired.
¶ 17. The chancellor resolved the matters by an order dated May 4, 2012, wherein the chancellor stated that his jurisdiction over the matter was limited to an appellate review of the School District’s record on the termination and, additionally, that LaCour’s complaint for breach of contract was barred by the statute of limitations. The chancellor therefore granted the School District’s motion to dismiss pursuant to Rule 12(b)(6).
¶ 18. LaCour appeals pro se the chancery court’s dismissal of her complaint, and she asserts that the School District breached its employment contract with her by failing to compensate her.
STANDARD OF REVIEW
¶ 19. When reviewing a trial court’s grant or denial of a motion to dismiss, we apply a de novo standard of review. Breland v. Harrison Cnty. Sch. Bd., 96 So.3d 61, 64 (¶ 9) (Miss.Ct.App.2012); Scaggs v. GPCH-GP, Inc., 931 So.2d 1274, 1275 (¶ 6) (Miss.2006). “[T]he allegations in the complaint must be taken as true[,] and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim.” Id. (quoting Lang v. Bay St. Louis/Waveland Sch. Dist., 764 So.2d 1234, 1236 (¶ 7) (Miss.1999)). Jurisdictional matters are also reviewed de novo. Breland, 96 So.3d at 64 (¶ 9). We also acknowledge that the supreme court has recognized a “ ‘presumption of honesty and integrity in board members serving as adjudicators in conducting hearings and rendering decisions on employee dismissals.” Harris v. Canton Separate Pub. Sch. Bd. of Educ., 655 So.2d 898, 903 (Miss.1995).
¶ 20. Additionally, the supreme court has provided that the “standard of review governing an appeal from a decision of an administrative agency is that of substantial evidence.” Walters v. Miss. Dep’t of Econ. & Cmty. Dev., 768 So.2d 893, 895 (¶ 8) (Miss.2000) (citation omitted). This Court will not disturb the agency’s conclusions unless the order “1) is not supported by substantial evidence, 2) is arbitrary or capricious, 3) is beyond the scope or power granted to the agency, or 4) violates [the claimant’s] constitutional rights.” Pub. Employees’ Ret. Sys. v. Marquez, 774 So.2d 421, 425 (¶ 11) (Miss.2000). When this Court reviews a decision by an administrative agency, we apply the same standard of review that the chancery court applied, as provided by Mississippi Code Annotated section 37 — 9—113(3)(a)—(c) (Rev.2007). See Smith Cnty. Sch. Dist. v. *1133 Barnes, 90 So.3d 77, 80 (¶ 9) (Miss.Ct.App.2011).
DISCUSSION
¶21. In her brief, LaCour asserts “Claiborne County School District did not pay [LaCour].” She cites to Mississippi Code Annotated section 37-9-59 in support of her argument. The School District argues that LaCour failed to set forth any assignment of error in the chancellor’s grant of the motion to dismiss due to lack of subject-matter jurisdiction and due to expiration of the statute of limitations. The School District also asserts that LaC-our’s breach-of-contract claim is barred by the statute of limitations.
¶ 22. Mississippi Code Annotated section 37-9-59 provides that the superintendent possesses the authority to immediately release a dismissed employee to prevent a disruption of normal school activities. Section 37-9-59 also provides a right to an appeal to the chancery court in the same manner as set forth in section 37-9-113. Section 37-9-59 also allows for compensation to an employee “for a period up to and including the date that the initial hearing is set,” if requested, and LaCour relies upon this language in her argument. Id. Section 37-9-59 provides that if no hearing is requested within five calendar days of termination, then such failure to request a hearing waives the right to any such compensation and the discharge notice is effective on the date set forth in the notice. Id. See also Wilder v. Bd. of Trs. of Hazlehurst City Sch., 969 So.2d 83, 87 (¶ 10) (Miss.Ct.App.2007).
¶ 23. In the case before us, LaCour filed an original complaint in chancery court for breach of contract by the School District, wrongful termination, failure to provide a timely hearing, and failing to compensate her to the date of the hearing. The Legislature has provided, in section 37-9-113, the procedure for appealing a final decision of a school board:
(1) Any employee aggrieved by a final decision of the school board is entitled to judicial review thereof, as hereinafter provided.
(2) An appeal may be taken by such employee to the chancery court of the judicial district in which the school district is located, by filing a petition with the clerk of that court and executing and filing bond payable to the school board with sufficient sureties, in the penalty of not less than two hundred dollars ($200.00), conditioned upon the payment of all of the costs of appeal, within twenty (20) days of the receipt of the final decision of the board.
(3) The scope of review of the chancery court in such cases shall be limited to a review of the record made before the school board or hearing officer to determine if the action of the school board is unlawful for the reason that it was:
(a) Not supported by any substantial evidence;
(b) Arbitrary or capricious; or
(c) In violation of some statutory or constitutional right of the employee.
(Emphasis added).[2]
¶ 24. As stated, the chancery court possesses only limited appellate subject-matter jurisdiction to review the School District’s decision, and this appellate review is limited to the record made before the School Board. See Miss.Code Ann. § 37-9-113. Section 37-9-113(2) also requires appeals of school-board decision to be per *1134 fected within twenty days of receipt of the final board decision by filing a petition with the clerk of court and posting a bond of not less than $200.
¶ 25. We turn now to address the second basis relied upon by the chancellor in dismissing LaCour’s complaint, the statute of limitations. Regarding LaCour’s state-law claim for breach of contract, Mississippi Code Annotated section 15-1-49 (Rev. 2012) states that the limitations period shall commence within three years after the cause of such action accrued, and not after. Since the School Board terminated LaCour by its decision rendered on October 1, 2008, she therefore possessed three years from that date to file suit. The crux of this case nonetheless involves when the statute of limitations expired. The School District states it expired on the latest possible date — April 5, 2010. The School District, however, calculated the statute of limitations from the date of termination, April 5, 2007, and not the date of the School Board’s decision. LaCour asserts that the statute of limitations for her breach-of-contract claim expired three years from the date LaCour exhausted all of her federal court appeals — December 13, 2010. In reviewing the various arguments of the parties as to the applicable statute of limitations, we must again clearly state that the controlling statute allows three years from the School Board’s decision to file suit.
¶ 26. After a hearing on the matter, the School District affirmed LaCour’s termination in its order dated October 1, 2008. LaCour filed an action in chancery court in an attempt to appeal the School District’s decision. However, the chancery court dismissed the action on December 22, 2008, due to lack of jurisdiction after finding that LaCour filed her motion as an original bill of complaint and failed to file an appeal bond, as required by section 37-9-113.
¶ 27. Here, LaCour, like the plaintiff in Breland, 96 So.3d at 65 (¶ 12), failed to file her appeal of the school board’s decision in chancery court in accordance with statutory requirements when she first filed in October 2008. See Miss.Code Ann. § 37-9-113(2). The failure to satisfy the statutory bond requirements is jurisdictional, and a prerequisite for invoking the court’s jurisdiction. Id. at 65-66 (¶ 12). Additionally, as explained in 5K Farms, Inc. v. Mississippi Dept. of Revenue, 94 So.3d 221, 227 (¶ 23) (Miss.2012) (addressing statutory bond requirement of Miss.Code Ann. 27-77-5 (Rev.2010)), the pretrial surety bond requirement constitutes a requirement governing appellate jurisdiction. Failure to properly perfect the appeal barred the chancery court’s jurisdiction. See Cowart v. Simpson Cnty. Sch. Bd., 818 So.2d 1176, 1181 (¶¶ 18-19) (Miss.2002); Davis v. Biloxi Pub. Sch. Dist., 43 So.3d 1135, 1137 (¶ 7) (Miss.Ct.App.2009).[3]
¶ 28. Meanwhile, in LaCour’s federal litigation filed on November 24, 2008, for sexual discrimination in violation of Title VII, the record reflects that the district court dismissed LaCour’s claim for intentional infliction of emotional distress on March 30, 2009, as barred by the statute of limitations. LaCour failed to assert any ancillary state-law claims until August 9, 2009, when she filed a cross-motion for summary judgment alleging breach of contract. On December 28, 2009, the district court granted summary judgment in favor of the School District on LaCour’s remaining claims for sexual discrimination and tortious interference. As noted, on July 6, 2010, the Fifth Circuit affirmed the district court’s ruling granting the School District and Superintendent Kilcrease’s motion for *1135 summary judgment and dismissing LaC-our’s motion to amend her complaint and supplemental motion to amend.
II29. The record shows that LaC-our’s state-law breach-of-contract claim was never a part of the complaint filed in federal court, and the district court exercised no ancillary jurisdiction over this claim.[4] In its order dismissing LaCour’s breach-of-contract claim, the district court provided, in dicta, that a three-year statute of limitations applied to LaCour’s claim and stated that the statute of limitations would expire April 5, 2010. However, this Court in Davis, 43 So.3d at 1137 (¶ 7), explained that the claims should have been raised within one year under the MTCA, the one-year statute of limitations applicable to intentional torts, or the three year general statute of limitations of section 15-1 — 49 for section 1983 claims. Pursuant to section 15-1-49, we find that LaCour possessed three years from October 1, 2008, the date of the School District’s final decision, to file suit for breach of contract.
¶ 30. Despite the district court’s comment regarding the statute of limitations, LaCour failed to refile her complaint in chancery court until December 21, 2011, when she again alleged a breach of contract and sexual discrimination as an original complaint. The chancellor noted that even if he applied the savings statute in Mississippi Code Annotated section 15-1-69 (Rev.2012) or the tolling provision in 28 United States Code Annotated § 1367 to LaCour’s claim, the extra time would still fail to save her action due to the delay in filing.[5] The chancellor addressed LaC-our’s additional error of filing her claim for breach of contract as an original action and not as an appellate action. The chancellor noted that although LaCour had twice filed actions in the chancery court, “at no time has the filing been in the form of an appeal.” Thus, the chancellor properly found that he lacked subject-matter jurisdiction to consider the original complaint filed by LaCour on December 21, 2011, as well as the prior complaint filed by her on December 22, 2008. Breland, 96 So.3d at 65-66 *1136 (¶ 12).[6]
¶ 31. Therefore, since LaCour failed to properly perfect in chancery court an appeal of the School District’s decision affirming her termination, and since she failed to obtain federal ancillary jurisdiction over her state-law claim, then no tolling of the statute of limitations occurred with respect to that state-law right of appeal.[7] See Miss.Code Ann. § 37-9-113; Owens v. Mai, 891 So.2d 220, 222 (¶ 13) (Miss.2005) Breland, 96 So.3d at 64 (¶ 9).[8] The chancery court correctly determined it lacked subject matter jurisdiction to hear this matter, and the chancery court properly concluded that LaCour’s claim for relief is barred by the statute of limitations.[9] See Miss.Code Ann. § 15-1^49. Accordingly, we affirm the chancellor’s dismissal of LaCour’s claims.
¶ 32. THE JUDGMENT OF THE CLAIBORNE COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., ISHEE, ROBERTS, FAIR AND JAMES, JJ„ CONCUR. IRVING, P.J., BARNES AND MAXWELL, JJ., CONCUR IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. The opinion and order of the United States District Court for the Southern District of Mississippi reflects that gang violence, fighting, and drag use at Port Gibson High School escalated during LaCour’s first year as principal, ultimately resulting in her termination.

. See also Crockett v. Bd. of Trs. for Mound Bayou Sch., 770 So.2d 1030, 1033 (¶ 7) (Miss.Ct.App.2000); 7 Jeffrey Jackson & Mary Miller, Encyclopedia of Mississippi Law § 65:94 (2001).

. See also Floyd v. Amite Cnty. Sch. Dist., 495 F.Supp.2d 619, 625 (S.D.Miss.2007).

. Federal courts are courts of limited jurisdiction, and a federal court must satisfy itself that it has jurisdiction over the subject matter before it considers the merits of a cause of action. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577-78, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999). Federal Rule of Civil Procedure 12(b)(1) authorizes federal courts to dismiss a claim where jurisdiction is lacking. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 376, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978) (plaintiff cannot complain if federal court does not accept jurisdiction over state ancillary claims).

. To toll the statute of limitations, LaCour generally must comply with statutory requirements to suspend the running of the statute of limitations. The filing of a legal proceeding tolls the statute of limitations up to 120 days, to allow time for service of process in that cause of action. M.R.C.P. 4. The supreme court held in Owens v. Mai, 891 So.2d 220, 222 (¶ 13) (Miss.2005), that the saving statute in section 15-1-69 failed to apply to save an action that was dismissed due to lack of jurisdiction, caused by defective service. The supreme court explained that due to the failure to perfect service of process in compliance with Rule 4, then such dismissal is not a matter of form within the context of section 15-1-69. Owens, 891 So.2d at 222 (¶ 13). The court provided that a properly filed complaint tolls the statute of limitations for 120 days for service of process, but if no service is completed, then the statute of limitations resumes after the 120 days. Id. at 223 (¶ 14).
Additionally, in Arceo v. Tolliver, 19 So.3d 67, 73 (¶ 31) (Miss.2009), the supreme court clarified that in order for the section 15-1-69 savings statute to apply, the dismissal as to form must occur after the action is duly commenced. The supreme court also addressed presuit statutory requirements that are conditions precedent to a claimant’s right to file an action. Arceo, 19 So.3d at 74-75 (¶¶ 38-39).

. Floyd, 495 F.Supp.2d at 625.

. The supreme court explained in Arceo, 19 So.3d at 73 (¶ 31), that in order for the section 15-1-69 savings statute to apply, the dismissal as to form must occur after the action is duly commenced. Since LaCour only filed complaints for original actions, and since the chancery court possessed only appellate jurisdiction in this case, then the chancery court lacked subject-matter jurisdiction. See Miss. Code Ann. § 37-9-111 (Supp.2012); Miss. Code Ann. § 37-9-113.

. As we have previously acknowledged, the supreme court held in Owens that the saving statute in section 15-1-69 failed to apply to save an action that was dismissed due to lack of jurisdiction based on defective service. The supreme court explained that due to the failure to perfect service of process in compliance with Rule 4, then such dismissal is not a matter of form within the context of section 15-1-69. Owens, 891 So.2d at 222 (¶ 13).

.The School Board’s decision stands as a final decision of the issues relating to LaC-our's termination since she failed to timely perfect her appeal in chancery court. See Davis, 43 S.o.3d at 1137 (¶ 6) (applying collateral estoppel to prevent relitigation of issues already litigated in a prior action).