# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-01408-COA

JOSEPH EUGENE LAMBERTH                                              APPELLANT

v.

SOUTH PANOLA SCHOOL DISTRICT                                        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 09/22/2014 |
| TRIAL JUDGE: | HON. MITCHELL M. LUNDY JR. |
| COURT FROM WHICH APPEALED: | PANOLA COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | CARLOS E. MOORE |
| | DARRYL A. WILSON |
| | TANGALA L. HOLLIS |
| ATTORNEYS FOR APPELLEE: | ELIZABETH LEE MARON |
| | HOLMES S. ADAMS |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| TRIAL COURT DISPOSITION: | DISMISSED ACTION FOR FAILURE TO APPEAL PROPERLY |
| DISPOSITION: | AFFIRMED - 02/16/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., BARNES AND ISHEE, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1.     In 2014, the South Panola School Board unanimously terminated Joseph Eugene Lamberth from his position as an assistant principal at South Panola High School in Batesville, Mississippi. Lamberth appealed the Board's decision timely but failed to file a $200 bond as required by the governing statute. Because Lamberth failed to timely perfect his appeal, the Panola County Chancery Court dismissed the action with prejudice. Finding no error, we affirm the chancery court's judgment.

## STATEMENT OF FACTS

¶2. In 2013, Lamberth was accused of the following in relation to his employment as an assistant principal at South Panola High School: (1) threatening a student; (2) using abusive, vulgar, and profane language with a student; (3) behaving inappropriately; (4) exhibiting unprofessional conduct and poor judgement; and (5) committing numerous general ethics violations. After a hearing on the matter, the South Panola School District superintendent recommended to the Board that Lamberth be terminated. On February 4, 2014, the Board unanimously upheld the recommendation, and Lamberth was discharged.

¶3. According to the governing statute, Lamberth had twenty days to file a petition in the chancery court challenging the Board's decision and to file a $200 bond payable to the Board for the costs of the appeal. On February 21, 2014, Lamberth filed his appellate petition in the chancery court, but failed to pay the $200 bond. Lamberth asserts that he was unaware of the requirement to pay the bond.

¶4. Regardless, the district filed a motion to dismiss the action for Lamberth's failure to pay the bond. Meanwhile, Lamberth requested a twenty-day extension to perfect his appeal. The request was denied, and the chancery court subsequently dismissed the action with prejudice. Aggrieved, Lamberth now appeals.

## DISCUSSION

¶5. The grant or denial of a motion to dismiss is reviewed de novo. *Breland v. Harrison Cty. Sch. Bd.*, 96 So. 3d 61, 64 (¶9) (Miss. Ct. App. 2012) (citations omitted). The applicable statute for appeals of school-board actions states the following:

> (1) Any employee aggrieved by a final decision of the school board is entitled to judicial review thereof, as hereinafter provided.

2

(2) An appeal may be taken by such employee to the chancery court of the judicial district in which the school district is located, by filing a petition with the clerk of that court and executing and filing bond payable to the school board with sufficient sureties, in the penalty of not less that (t)wo (h)undred (d)ollars ($200.00), conditioned upon the payment of all of the costs of appeal, within twenty (20) days of the receipt of the final decision of the board.

Miss. Code Ann. § 37-9-113(1)-(2) (Rev. 2013).

¶6.     As seen above, the statute clearly outlines the need for the filing of a $200 "bond payable to the school board with sufficient sureties." *Id*. We have previously addressed this exact issue of whether the failure of a movant to file the $200 bond warranted dismissal of the appeal. In *Breland*, we held: "Breland's failure to file a timely bond is jurisdictional and is fatal to her appeal. This Court repeatedly has held that statutory appeal bonds are jurisdictional – that is, they relate to a court's appellate jurisdiction." *Breland*, 96 So. 3d at 65-66 (¶12) (quoting *5K Farms Inc. v. Miss. Dep't of Revenue*, 94 So. 3d 221, 227 (¶23) (Miss. 2012)). That said, the Mississippi Supreme Court "has recognized that a failure to meet the statutory requirements (of a bond) may be excused by extenuating circumstances." *Miss. State Pers. Bd. v. Armstrong*, 454 So. 2d 912, 915 (Miss. 1984) (citations omitted). However, as was the case in *Armstrong*, we fail to find any extenuating circumstances that would warrant overlooking Lamberth's failure to pay the statutorily required bond. Lamberth's excuse is merely that he was not aware that a bond needed to be filed, despite the distinct and unambiguous statutory language requiring the bond payment. Citing a long-held tenet of law, we remind Lamberth that "ignorance of the law excuses no one." *Hoskins v. Howard*, 214 Miss. 481, 497, 59 So. 2d 263, 269 (1952). Hence, the chancery court properly dismissed Lamberth's appeal due to lack of jurisdiction, and we affirm the dismissal.

3

¶7. The question then turns to Lamberth's challenge regarding the dismissal with prejudice. There is nothing in the statute itself demanding that failure to file the bond money mandates a dismissal with prejudice. Likewise, the law cited by the district regarding extensions of appellate filing times centers on the filing of "a notice of appeal," not the filing of a bond or another technical matter associated with an appeal. *See* M.R.A.P. 4(g). Is it undisputed that Lamberth's notice of appeal or petition to appeal was filed timely.

¶8. Meanwhile, Lamberth cites to Mississippi Code Annotated section 15-1-69 (Rev. 2012) for the proposition that Lamberth "may commence a new action for the same cause, at any time within one year after the abatement or other determination of the original suit." However, as noted by the school district, the title for section 15-1-69 references the "commencement of a new action," not the refiling of an appeal.

¶9. Nonetheless, the issue regarding failure to file a statutory bond has been addressed in the context of a circuit-court appeal, and has been found to be a subject-matter-jurisdiction bar. *See Carney v. Moore*, 130 Miss. 658, 94 So. 890, 891 (1923); *Humphreys v. McFarland*, 48 So. 182, 182 (Miss. 1909). We see no reason why the same theory would not be analogous to a chancery-court appeal. A total failure to file the bond required by the statute renders an appellate court, in this case a chancery court, without authority to review the case, and is fatal to the appeal. Accordingly, the chancery court did not err in its judgment.

¶10. **THE JUDGMENT OF THE PANOLA COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.**

4

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR AND WILSON, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. GREENLEE, J., NOT PARTICIPATING.**