966 So.2d 1279 (2007)
Bobbie HODGINS, Appellant
v.
PHILADELPHIA PUBLIC SCHOOL DISTRICT, Appellee.
No. 2006-CC-01919-COA.
Court of Appeals of Mississippi.
October 23, 2007.
*1280 William T. May, Newton, Terry L. Jordan, Tanya L. Phillips, attorneys for appellant.
*1281 Donald Joseph Kilgore, Philadelphia, attorney for appellee.
Before LEE, P.J., IRVING, GRIFFIS and ISHEE, JJ.
IRVING, J., for the Court.
¶ 1. This appeal arises out of the Philadelphia Public School District's decision not to renew Bobbie Hodgins's employment contract. After Hodgins unsuccessfully challenged the nonrenewal before the Philadelphia School Board, she appealed to the Neshoba County Chancery Court, which affirmed the nonrenewal. Aggrieved, Hodgins appeals and alleges that (1) she was wrongfully denied her right to a hearing, (2) that she was not given statutorily-mandated notice, and (3) that the board acted improperly when it refused to record in its minutes its decision on whether to have a hearing.
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. In July 2003, Hodgins was hired by the Philadelphia School District as an assistant principal for the 2003/2004 school year. In 2004, Hodgins was hired for the 2004/2005 school year, specifically for the period "beginning on 07/12/2004 and ending on 06/24/2005." On April 8, 2005, Hodgins was informed that the district was not going to renew her employment contract. Hodgins received notice of the nonrenewal in a letter from Britt Dickens, the superintendent of the Philadelphia Public School District. In the letter, Dickens informed Hodgins that she would not be entitled to a hearing because she had "not completed two consecutive years with a Mississippi School District," pursuant to the Education Employment Procedures Law of 2001. On April 25, 2005, Dickens suspended Hodgins with pay for the remainder of the 2005 school year, stating that Hodgins's presence and actions had "created an atmosphere that is not conducive to the effective functioning of [the] school."
¶ 4. Hodgins requested hearings before the school board for both the nonrenewal and her suspension. She was granted a hearing for the suspension, but was denied a hearing for the nonrenewal. When Hodgins appeared at the hearing for her suspension, she requested a hearing regarding the nonrenewal and asked that the board record in its minutes its decision to deny a hearing on her nonrenewal. After members of the board briefly conferred, the board stated that, since Hodgins was not entitled to a hearing on the nonrenewal pursuant to state law, the board would not vote on the nonrenewal. Therefore, there was nothing to record in the minutes. Hodgins chose not to present any evidence as to her suspension with pay, which the board affirmed. Hodgins then appealed the board's decision regarding the nonrenewal to the Neshoba County Chancery Court, which found in favor of the board.
¶ 5. Additional facts, if necessary, will be related during our analysis and discussion of the issues.

ANALYSIS AND DISCUSSION OF THE ISSUES
1. Denial of Hearing
¶ 6. Because the school board is an administrative agency, we will not disturb its decision unless it "was unsupported by substantial evidence; was arbitrary or capricious; was beyond the [board's] scope or powers; or violated the constitutional or statutory rights of the aggrieved party." A & F Props., LLC v. Madison County Bd. of Supervisors, 933 So.2d 296, 300(¶ 6) (Miss.2006) (quoting Ladner v. Harrison County Bd. of Supervisors, 793 So.2d 637, 638(¶ 6) (Miss.2001)).
*1282 ¶ 7. Hodgins makes two separate arguments for why she was entitled to a hearing on the nonrenewal: first, she contends that she was covered under the statute which guarantees the right of a hearing to a nonrenewed employee if the employee has been employed by the local school district for a continuous period of two (2) years,[1] and second, she argues that the school's policy manual did not contain a requirement that an employee be employed for two continuous years in order to receive a hearing. For clarity's sake, we address each contention separately.
Second Continuous Year
¶ 8. We find that Hodgins is clearly incorrect as to her first contention. The provisions at issue here are part of the Education Employment Procedures Law of 2001 (EEPL), which are found in Mississippi Code Annotated sections 37-9-101 through 37-9-113. The EEPL section that describes the protections offered to employees of a school district, Mississippi Code Annotated section 37-9-109 (Rev. 2001), states:
An employee who has received notice under Section 37-9-105, upon written request from the employee received by the district within ten (10) days of receipt of the notice by the employee, shall be entitled to:
(a) Written notice of the specific reasons for nonreemployment, together with a summary of the factual basis therefor, a list of witnesses and a copy of documentary evidence substantiating the reasons intended to be presented at the hearing, which notice shall be given at least fourteen (14) days prior to any hearing; if the district fails to provide this information to the employee, then the recommendation for nonreemployment shall be null and void, and the board shall order the execution of a contract with the employee for an additional period of one (1) year;
(b) An opportunity for a hearing at which to present matters relevant to the reasons given for the proposed nonreemployment, including any reasons alleged by the employee to be the reason for nonreemployment;
(c) Receive a fair and impartial hearing before the board or hearing officer;
(d) Be represented by legal counsel, at his own expense.
The EEPL defines an "employee" as:
(a) Any teacher, principal, superintendent or other professional personnel employed by the local school district for a continuous period of two (2) years with that district and required to have a valid license issued by the State Department of Education as a prerequisite of employment; or
(b) Any teacher, principal, superintendent or other professional personnel who has completed a continuous period of two (2) years of employment in a Mississippi public school district and one (1) full year of employment with the school district of current employment, and who is required to have a valid license issued by the State Department of Education as a prerequisite of employment.
Miss.Code Ann. § 37-9-103 (Rev.2001) (emphasis added).
¶ 9. Hodgins contends that she meets the definition of employee as set forth in the EEPL because she was in her second year of employment with the school district when she was given notice of the nonrenewal. The school district contends *1283 that the statute should be interpreted to mean that an employee must complete her second year before the nonrenewal. We agree with the district that the clear meaning of the statute is that an employee must complete a second year of employment before the employee is entitled to the protections afforded "employees" by the EEPL. Otherwise, the use of the word "complete" in section 37-9-103(b) would be devoid of meaning. Under Hodgins's interpretation, any employee would qualify as long as the employee had completed one year of employment with the school district and was currently in the second year of employment. Such clearly was not the intent of the legislature based on the express language of the statute.
¶ 10. As the chancellor properly found, the EEPL must be read to mean that an employee such as Hodgins must complete two years of employment with the school district before being considered an "employee" for EEPL purposes. Because Hodgins met neither of the definitions in section 37-9-103, she is not entitled to the protections granted to employees in other provisions of the EEPL.
Employee Manual
¶ 11. We turn now to Hodgins's contention that the school district's personnel policy created a right for her to have a hearing regarding the nonrenewal.
¶ 12. In 2001, section 37-9-103 of the EEPL was amended and changed to its present form, which is quoted above. Prior to 2001, the section read:
As used in Sections 37-9-101 through 37-9-113 the word "employee" shall include any teacher, principal, superintendent elected by a board of trustees and other professional personnel employed by any public school district of this state and required to have a valid license issued by the State Department of Education as a prerequisite of employment.
Miss.Code Ann. § 37-9-103. Therefore, prior to 2001, there was no requirement that an assistant principal work for a school district for two years before gaining the protection of the statute. The personnel policy to which Hodgins refers indicates that it was written in January 1999, and contains no requirement that an assistant principal work for the school district for any period of time before being entitled to a hearing and other protections. The policy, however, clearly states:
School board policies follow state and federal laws and related regulations and procedures for employment, retention, and dismissal of all personnel. {MS Code 37-9-1 through 75, 37-9-101 through 113, and 37-7-301(p)(w)} Standard 6, Bulletin 172 (1998).
(emphasis added).
¶ 13. Likewise, the termination letter sent to Hodgins stated: "You are not covered by the provisions of the Education Employment Procedures Law of 2001, Mississippi Code Ann. 37-9-101 et seq. Therefore, you are not entitled to a hearing regarding the District's decision." Hodgins's employment contracts stated that they were "subject to all applicable policies, resolutions, rules and regulations of the employer and the laws of the State of Mississippi, copies of which are available from the Superintendent's office."
¶ 14. The school district essentially makes two arguments: first, that the personnel policy referenced by Hodgins espouses a clear intent to follow current state law, and second, that any conflict between the statute and the policy must be resolved in favor of the statute. Hodgins contends that the statute merely creates a minimum level of protection and that the district is free to create more stringent protections than current state law. Thus, Hodgins contends that there is no conflict *1284 between the statute, which requires an assistant principal to work for two years before gaining protection under the statute, and the district's policy, which simply has no threshold requirement before an assistant principal is entitled to a hearing and other administrative protections.
¶ 15. While we agree that the policy manual used by the school is poorly written, we cannot find that it is intended to give greater protection to school employees than is afforded by statute. Nor do we find any indication or evidence that the district's intention was to do anything other than follow the current version of the statute. First, the policy references the statute, although it first references the pre-amendment version of the statute. Regardless, had Hodgins gone to look up the current version of the statute, she would have found that she would not be considered an "employee" entitled to the protections of the statute until after she had worked for two continuous years for the school district. The current version of the statute was also clearly referenced in the nonrenewal letter sent to Hodgins, and her employment contract states that it is subject to all Mississippi laws.
¶ 16. In support of her contentions, Hodgins cites Bobbitt v. The Orchard, Ltd., 603 So.2d 356 (Miss.1992). In Bobbitt, the Mississippi Supreme Court found that an employer had to follow the procedures outlined in its employment manual rather than dismissing an employee without following any of the procedures in the manual on the ground that the employee was at-will. Id. at 357. Essentially, the specific holding of Bobbitt was that when there are termination procedures outlined in an employment manual, an employer cannot simply dismiss an at-will employee without using the procedures set forth in the manual. Such is not the case before us. Additionally, since Hodgins was employed by a school district, her employment is specifically addressed by the EEPL. Furthermore, the Bobbitt court made it clear that, in Bobbitt, "there [was] nothing in the employment contract to the contrary." Id. In the present case, however, Hodgins's employment contract specifically referenced the EEPL, and stated that the contract was subject not only to any personnel policies, but also to the laws of the state of Mississippi. The personnel policy itself manifested an intention to follow statutory law, and referenced the relevant code provisions. Finally, our standard of review necessitates that we give deference to the board's decision, whereas the Bobbitt court had no administrative agency to which it owed any deference. Bobbitt is of no help to Hodgins.
¶ 17. It is clear that the school district simply neglected to update its personnel policy to conform to a change in the relevant statute, and there is no evidence whatsoever that the district intended to create greater protections than the EEPL when it failed to update its policy. In the absence of any intent to do so and in the presence of evidence indicating the district's intent to follow current state law, we affirm the board's finding that Hodgins was not entitled to a hearing and other administrative protections.
2. Notice
¶ 18. Hodgins contends that she "was entitled to automatic renewal of her contract based on the District's failure to comply with the notice requirements set out in the Education Employment Procedures Law of 2001." Specifically, Hodgins cites section 37-9-105 (Supp.2006), which requires a school board to provide written notice of nonrenewal to an employee, complete with reasons for the nonrenewal. However, as with section 37-9-109, the requirements promulgated in section 37-9-105 *1285 apply only to employees who have worked with the school district for two continuous years. As we have found, Hodgins has not worked for the school district for two continuous years and was, therefore, not entitled to notice as required in section 37-9-105.
¶ 19. This issue is without merit.
3. Board Minutes
¶ 20. Finally, Hodgins contends that the board erred when it refused to record its vote "to deny [her] a due process hearing." Hodgins further contends that this refusal "hindered her right to an appeal." As Hodgins is currently appealing that decision, it is unclear to this Court how the refusal hindered Hodgins's right to an appeal, and Hodgins does not provide any further explanation of any hindrance she has encountered.
¶ 21. We note at the outset that the board did not actually vote to deny Hodgins a hearing. After conferring, the board simply stated that it would not hold a hearing because Hodgins was not entitled to one under the statute. The board further stated that since the decision was dictated by statute, the board did not need to vote to deny Hodgins a hearing. Therefore, the board declined to officially record any decision in its minutes.
¶ 22. The record is silent as to why the board felt compelled to refuse to record its decision to deny Hodgins a hearing in its minutes. The school district quotes Mississippi Code Annotated section 37-6-9 (Rev.2001), which states in part:
Minutes shall be kept of all meetings of the school board showing (a) the members present and absent; (b) the date, time and place of the meeting; (c) an accurate recording of any final actions taken at such meeting; (d) a record by individual member of any votes taken at such meeting; and (e) any other information that the school board requests to be reflected in the minutes.
Apparently the board did not view its decision as a "final action," which would have had to have been recorded in the minutes regardless of whether the board's decision was mandated by statute. The school district does not elaborate on how the decision to refuse Hodgins a hearing was anything other than a "final action," which it appears to this Court that it was. Additionally, under subsection (e) above, the board clearly could have recorded its decision simply by requesting that the decision be reflected in its minutes.
¶ 23. In our judgment, the board should have recorded its decision in its minutes. However, Hodgins has offered no showing of prejudice as a result of this error. Although she states that her right to appeal has been hampered, she offers no further indication of how. In the absence of any showing of prejudice to one of Hodgins's substantial rights, we find the board's refusal to record its decision to be harmless error. See M.R.C.P. 61. In other words, although we find error, we find no error of such magnitude that warrants granting Hodgins any relief.
¶ 24. THE JUDGMENT OF THE NESHOBA COUNTY CHANCERY COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE, MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.
NOTES
[1] Hodgins was in her second year of employment with the school district when she received the notice of nonrenewal.