**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 16-60597

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2017

Lyle W. Cayce
Clerk

BERNICE MALCOLM,

      Plaintiff–Appellant,

v.

VICKSBURG WARREN SCHOOL DISTRICT BOARD OF TRUSTEES;
BRYAN PRATT, individually and in his official capacity; JAMES STIRGUS,
JR., individually and in their official capacities as members of the Board of
Trustees, Vicksburg Warren School District; JOE LOVIZA, individually and
in their official capacities as members of the Board of Trustees, Vicksburg
Warren School District; ALONZO STEVENS, individually and in their
official capacities as members of the Board of Trustees, Vicksburg Warren
School District; SALLY BULLARD, individually and in their official
capacities as members of the Board of Trustees, Vicksburg Warren School
District; DOCTOR ELIZABETH DURAN SWINFORD, individually and in
her official capacity as Superintendent of Schools; PAULA JOHNSON,
individually and in her official capacity as Assistant Superintendent;
CHARLES "BUBBA" HANKS, individually and in his official capacity as
Administrative Assistant to the Superintendent of Schools; DOCTOR JOHN
E. WALLS, JR., individually and in his official capacity as Administrative
Assistant to the Superintendent of Schools; EDDIE L. SPANN, individually
and in his official capacity as Director of Special Education; HEIDI R.
CHAUSSE, individually and in her official capacity as Assistant Director of
Special Education; CHAD SHEALY, individually and in his official capacity
as superintendent of schools-Vicksburg Warren School District; VICKSBURG
WARREN SCHOOL DISTRICT,

      Defendants–Appellees.

No. 16-60597

---

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-CV-853

---

Before SMITH, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Bernice Malcolm sued the Vicksburg Warren School District (the District), its Board of Trustees (the Board), and individuals associated with the District and the Board in their individual and official capacities, alleging various civil rights violations and asserting breach of contract claims. The district court granted summary judgment in favor of the defendants, dismissed Malcolm's claims, and declined to reconsider its judgment. We affirm.

**I**

Malcolm and the District entered into an employment contract on February 6, 2012, and the contract was renewed for the 2012-2013 school year. In October of 2012, Malcolm's supervisor, Eddie Spann, told Malcolm: "Don't come in here trying to force yourself on me" when she came to his office to speak about a student. Malcolm contacted Paula Johnson, Spann's supervisor, and informed her of Spann's comment. Though Malcolm asserts she did not consider the comment to be sexual harassment, the District conducted an investigation. Malcolm subsequently raised additional complaints about Spann concerning what she felt was unfair and unprofessional behavior towards her. Malcolm was placed on paid administrative leave on January 18, 2013, to allow her to document any additional concerns, and shortly thereafter

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

her supervisor was changed from Spann to Heidi Chausse. Chausse informed Malcolm on February 4, 2013, that her contract would not be renewed for the next school year. The following day, Malcolm received a memo from the district superintendent stating that Malcolm was not entitled to a hearing before the school board regarding her non-renewal. Chausse later informed Malcolm that "required documentation" for absences on a total of twelve days in 2012 was missing.

Malcolm, a fifty-four-year-old African-American woman, then filed a complaint with the Equal Opportunity Employment Commission (EEOC) alleging discrimination based on race, age, and retaliation premised on her participation in the investigation of sexual harassment by Spann. Malcolm subsequently resigned and the Board accepted her resignation on April 28, 2013. Malcolm filed a second complaint with EEOC on June 4, 2013, alleging discrimination based on race, age, sex, and retaliation. The EEOC issued right to sue letters with regard to both EEOC complaints, writing to Malcolm that there was "insufficient evidence to establish a violation."

Malcolm's position was later filled by a younger, white female. Malcolm instituted this suit.

The defendants moved for summary judgment. The District adduced evidence that it terminated Malcolm because she failed to "comply with the District's policy on leave" and because she "exhibited issues with taking instruction from management." It pointed to the letter informing Malcolm of the inadequate documentation for the twelve missed days in the fall of 2012, as well as an email from Malcolm to Spann and another colleague that suggested Malcolm should take over some of the colleague's job responsibilities. A follow-up letter from the colleague indicated the colleague objected to Malcolm's suggestion and felt that Malcolm's email was "unethical."

No. 16-60597

Malcolm asserts she had no issues with the District or her co-workers prior to reporting Spann's comments.

The district court granted the motion and dismissed all of Malcolm's claims. Malcolm filed a notice of appeal and, on the same day, moved for reconsideration, asserting new arguments and attaching additional evidence, including her own affidavit. The district court construed Malcolm's motion as a Rule 60(b)(6) motion. It noted that the evidence in the motion for reconsideration was available to Malcolm prior to the court's entry of judgment and that she had provided no excuse or explanation for her failure to include it in her opposition to the motion for summary judgment. The court determined that, even if it were to consider Malcolm's arguments "more substantively," the arguments would "fall short under Rule 60(b)(6)." Malcolm's appeal from the district court's grant of summary judgment and dismissal of her claims is now before us.

## II

Because Malcolm is proceeding pro se, we liberally construe her arguments on appeal.[1] However, we also note that Malcolm has previously filed several civil rights suits in state and federal court alleging discrimination and has been permanently enjoined from filing pro se actions in the United States District Court for the Western District of New York without obtaining leave of that court to file.[2] Malcolm has unsuccessfully litigated these cases since at least 2008 and has filed petitions for a writ of certiorari with the

---

[1] *Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015) ("[F]ederal courts, this one included, have a 'traditional disposition of leniency toward pro se litigants.'" (quoting *Spotville v. Cain*, 149 F.3d. 374, 377 (5th Cir. 1998) (per curiam))).

[2] *See Malcolm v. Bd. of Educ. of the Honeoye Falls-Lima Cent. Sch. Dist.*, 737 F. Supp. 2d 117, 120-21 (W.D.N.Y. 2008); *see also Malcolm v. Honeoye Falls-Lima Educ. Ass'n*, No. 08-CV-6551, 2015 WL 1507830, at *1 n.2 (W.D.N.Y. Mar. 31, 2015) (listing four of Malcolm's discrimination and retaliation cases).

No. 16-60597

United States Supreme Court.[3]  We are therefore mindful that, although proceeding pro se, she is not operating in a setting completely foreign to her.

We also note that the traditional leniency afforded to a pro se plaintiff does not excuse Malcolm from her burden of opposing summary judgment through the use of competent summary judgment evidence.[4]  Malcolm's brief cites extensively to the evidence she presented with her motion for reconsideration.  In that motion, Malcolm submitted her own 97 paragraph affidavit with 139 pages of accompanying exhibits, but offered no explanation or excuse for why this evidence was not presented to the district court before its ruling on summary judgment.  As the district court noted, its "equitable powers under [Rule 60(b)(6)] do not extend to considering evidence that could have been presented at trial."[5]  The district court applied the same principles to Malcolm's failure to introduce her own affidavit and supporting exhibits prior to judgment, and it ultimately denied the motion.  On the same day she filed the motion for reconsideration, Malcolm filed a notice of appeal from the district court's grant of summary judgment.  However, she has not filed a notice of appeal from the denial of her motion for reconsideration, and, even if we construed her brief as a notice of appeal, it would be untimely.[6]  The motion

---

[3] *Malcolm v. Honeoye Falls-Lima Cent. Sch. Dist.*, 136 S. Ct. 2411 (2016) (mem.) (denying petition for writ of certiorari).

[4] *Davis*, 798 F.3d at 293 ("[T]his is not to say that pro se plaintiffs don't have to submit competent evidence to avoid summary judgment, because they do.").

[5] *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place, Inc.*, 62 F.3d 767, 774 (5th Cir. 1995); *United States v. 329.73 Acres of Land, More or Less*, 695 F.2d 922, 926 (5th Cir. 1983) ("This clause of the Rule provides 'a grand reservoir of equitable power to do justice in a particular case,' but that well is not tapped by a request to present evidence that could have been discovered and presented at trial through the exercise of due diligence." (quoting *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981)) (citations omitted)).

[6] FED. R. APP. P. 3(c)(1)(B) (requiring a notice of appeal to "designate the judgment, order, or part thereof being appealed"); FED. R. APP. P. 4(a)(4)(B)(ii) ("A party intending to challenge an order disposing of [a Rule (60)(b) motion], . . . must file a notice of appeal, or an amended notice of appeal . . . within the time prescribed by this Rule measured from the

for reconsideration was denied on November 22, 2016, and Malcolm's brief was filed February 13, 2017, well outside the 30-day window.[7] We therefore lack jurisdiction to consider the district court's denial of Malcolm's motion for reconsideration.

Turning to the appeal presently before us—that of the district court's grant of summary judgment and corresponding dismissal of Malcolm's claims—we will not consider either the arguments or additional evidence submitted with the motion for reconsideration because, "[a]lthough on summary judgment the record is reviewed *de novo*, this court . . . will not consider evidence or arguments that were not presented to the district court for its consideration in ruling on the motion."[8]

We construe Malcolm's briefing on appeal to contest the district court's dismissal of the following: (1) Title VII claims for race and sex discrimination and retaliation; (2) claims under the ADEA for age discrimination; (3) a breach of contract claim; and (4) a claimed violation of Mississippi's Education Employment Procedures Law. To the extent Malcolm is appealing on grounds other than those we have been able to identify, these grounds are waived for

---

entry of the order disposing of the last such remaining motion."); *Williams v. Chater*, 87 F.3d 702, 705 (5th Cir. 1996) (noting that "we have previously recognized that where a Rule 60(b) motion is filed after the notice of appeal from the underlying judgment, a separate notice of appeal is required in order to preserve the denial of the Rule 60(b) motion for appellate review" and that without "a separate notice of appeal, we are without jurisdiction to review the trial court's disposition of a Rule 60(b) motion").

[7] *See Taylor v. Johnson*, 257 F.3d 470, 474-75 (5th Cir. 2001) (explaining that a separate notice of appeal from a denial of Rule 60(b) motion is generally required, and while a brief may serve as its "functional equivalent," it must still be timely filed and comport with the requirements of Federal Rule of Appellate Procedure 3).

[8] *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 896 (5th Cir. 2013) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 (5th Cir. 1992)) (alteration in original).

inadequate briefing.[9]  We review each of these claims de novo, interpreting all facts and resolving all reasonable inferences in favor of Malcolm, the nonmovant.[10]  "Summary judgment is appropriate only when the record reveals 'no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"[11]

## III

We consider Malcolm's claims under Title VII and the ADEA together. As an initial matter, we affirm the district court's dismissal of these claims against all individual defendants.  "Individuals are not liable under Title VII in either their individual or official capacities."[12]  Likewise, "the ADEA 'provides no basis for individual liability for supervisory employees.'"[13]  The district court correctly dismissed these claims against the individual defendants and we address the merits only as to the institutional defendants.

Claims of employment discrimination or retaliation under Title VII and the ADEA premised on circumstantial evidence are analyzed using the framework set forth in *McDonnell Douglas Corp. v. Green*.[14]  For each, the plaintiff is required to establish a prima facie case of discrimination or retaliation.[15]  If the plaintiff is able to do so, the burden shifts to the defendant

---

[9] *See Willis v. Cleco Corp.*, 749 F.3d 314, 319 (5th Cir. 2014) (explaining that a party waives a claim when he "fails to identify a theory as a proposed basis for deciding the claim, and does not explain, in any perceptible manner, why the facts would allow a reasonable jury to decide in his favor").

[10] *See EEOC v. Rite Way Serv., Inc.*, 819 F.3d 235, 239 (5th Cir. 2016).

[11] *Id.* (quoting FED. R. CIV. P. 56(a)); *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

[12] *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 381 n.1 (5th Cir. 2003).

[13] *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 686 (5th Cir. 2001) (quoting *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996)).

[14] 411 U.S. 792, 802 (1973).

[15] *Bryan v. McKinsey & Co.*, 375 F.3d 358, 360 (5th Cir. 2004) (requiring a Title VII plaintiff claiming discrimination to show that she: "(1) is a member of a protected class; (2) was qualified for the position; (3) was subject to an adverse employment action; and

"to articulate a legitimate, non-discriminatory reason for the adverse employment action."[16] The defendant need only "raise[] a genuine issue of fact as to whether it discriminated"—it "need not persuade the court that it was actually motivated by the proffered reasons."[17] If a defendant meets this standard, the burden shifts back to the plaintiff to demonstrate that the proffered reason is a mere pretext for the discrimination or retaliation.[18] "Although intermediate evidentiary burdens shift back and forth under this framework, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'"[19]

Even if Malcolm could meet her burden to establish a prima facie case of discrimination or retaliation for each of her Title VII and retaliation claims (which we do not resolve here), her claims fail as a matter of law because she has not created a genuine dispute of material fact as to whether the District's

---

(4) was replaced by someone outside the protected class, or, in the case of disparate treatment, shows that other similarly situated employees were treated more favorably"); *Machinchick v. PB Power, Inc.*, 398 F.3d 345, 350 (5th Cir. 2005) (requiring a plaintiff claiming age discrimination under the ADEA to show that: "(1) he was discharged; (2) he was qualified for the position; (3) he was within the protected class at the time of discharge; and (4) he was either i) replaced by someone outside the protected class, ii) replaced by someone younger, or iii) otherwise discharged because of his age" (quoting *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004))); *Zamora v. City of Houston*, 798 F.3d 326, 331 (5th Cir. 2015) (requiring a plaintiff claiming retaliation under Title VII to show that: "(1) the employee engaged in activity protected by Title VII; (2) the employer took adverse employment action against the employee; and (3) a causal connection exists between that protected activity and the adverse employment action." (quoting *Thomas v. Tex. Dep't of Criminal Justice*, 220 F.3d 389, 394 (5th Cir. 2000))).

[16] *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 426 (5th Cir. 2017); *Machinchick*, 398 F.3d at 350; *McCoy*, 492 F.3d at 557.

[17] *Tex. Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981).

[18] *Alkhawaldeh*, 851 F.3d at 426; *Machinchick*, 398 F.3d at 350; *McCoy*, 492 F.3d at 557.

[19] *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 143 (2000) (quoting *Burdine*, 450 U.S. at 253).

proffered reasons for her dismissal were pretextual. The District "articulate[d] a legitimate, non-discriminatory reason"[20] for her non-renewal, citing Malcolm's non-compliance with the District's leave policy and her "issues with taking instruction from management." In support, the District provided a letter documenting twelve absences in 2012 for which Malcolm had not submitted required documentation, as well as the email in which Malcolm suggested she should take over a co-worker's duties and the co-worker's response indicating she felt Malcolm was trying to replace her. The burden shifted to Malcolm to show the proffered reasons were mere pretext.[21]

Malcolm points to no evidence other than her own "unsubstantiated assertions,"[22] to show the District's reasons for not renewing her contract were pretextual. "[P]retext cannot be established by mere 'conclusory statements' of a plaintiff who feels [s]he has been discriminated against."[23] Malcolm has not pointed to any competent summary judgment evidence to rebut the District's justification for her non-renewal. Because Malcolm bears the "ultimate burden" of proof to show discrimination at trial,[24] and she has failed to "demonstrat[e] by competent summary judgment proof that there is an issue

---

[20] *Alkhawaldeh*, 851 F.3d at 426.

[21] *See Burdine*, 450 U.S. at 255.

[22] *See Grimes v. Tex. Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139 (5th Cir. 1996).

[23] *EEOC v. Exxon Shipping Co.*, 745 F.2d 967, 976 (5th Cir. 1984); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) ("[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden."); *Grizzle v. Travelers Health Network, Inc.*, 14 F.3d 261, 268 (5th Cir. 1994) (noting that an employee's "self-serving generalized testimony stating her subjective belief that discrimination occurred . . . is simply insufficient to support a jury verdict in plaintiff's favor"); *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1266 (5th Cir. 1991) ("Summary judgment, to be sure, may be appropriate, '[e]ven in cases where elusive concepts such as motive or intent are at issue, . . . if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation." (quoting *Medina-Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir. 1990)) (alteration in original)).

[24] *Burdine*, 450 U.S. at 256.

No. 16-60597

of material fact warranting trial"[25] on the question of pretext, summary judgment in favor of the district was proper on each of her claims under Title VII and the ADEA.

**IV**

Malcolm asserted state law claims for breach of contract and constructive discharge against the district.  In her opening brief, Malcolm focuses solely on her allegation that, after her non-renewal, she was in a car accident that was "staged" by co-workers, which supports her claim of constructive discharge and, therefore, breach of contract.  She states that two individuals implied the accident was staged, citing to an audio recording of a conversation with a co-worker and her own affidavit attesting to what a now-deceased police officer implied in conversation.  Though she attached the recording in her response in opposition to summary judgment, Malcolm made no argument about the car accident to the district court, and it is unclear from the record whether these recordings would be admissible at trial.  Malcolm has not offered any explanation as to what admissible form any of this evidence might take at trial.[26]  Malcolm's only other arguments regarding her breach of contract and constructive discharge claims appear for the first time in her reply brief and are therefore waived.[27]  She has failed to adduce any evidence that would show "conditions so intolerable that the employee reasonably felt compelled to resign."[28]  The District was entitled to summary judgment as to her claims for breach of contract and constructive discharge.

---

[25] *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (quoting *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995) (per curiam)).

[26] *See Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017).

[27] *United States v. Jackson*, 426 F.3d 301, 304 n.2 (5th Cir. 2005) ("Arguments raised for the first time in a reply brief, even by pro se litigants . . . , are waived.").

[28] *See Cothern v. Vickers*, 759 So. 2d 1241, 1246 (Miss. 2000) (quoting *Bulloch v. City of Pascagoula*, 574 So. 2d 637, 640 (Miss. 1990)).

No. 16-60597

## V

Malcolm asserts the District was required to afford her a hearing and an explanation of reasons for her non-renewal under the Mississippi Education Employment Procedures Law.[29]  Her brief includes only a heading pertaining to this claim. Because she is proceeding pro se, we consider the claim in light of facts presented elsewhere in her briefing.  The Mississippi statute provides a right to a hearing for employees who have "completed a continuous period of two (2) years of employment in a Mississippi public school district and one (1) full year of employment with the school district of current employment"[30] and does not apply until that employee "complete[s]" the relevant employment period.[31]

Before becoming an employee of the District, Malcolm had been employed for at least one year by another Mississippi public school district. Her contract with the District is dated February 6, 2012, indicating that her employment commenced on that date, and she was given a notice of non-renewal on February 4, 2013.  This is evidence that she had not completed one full year of employment with the District when she received the non-renewal notice.   Malcolm contends in this court that her employment actually commenced on February 3, 2012, because "her district email account, as well as other district accounts were set up for her" on that date.  However, she did not raise this in her response to the motion for summary judgment in the district court and does not point to any evidence of this assertion that was properly before the district court when it rendered judgment.  The district court properly granted summary judgment based on the record before it at the time it rendered its decision.

---

[29] *See* MISS. CODE ANN. § 37-9-105.

[30] MISS. CODE ANN. § 37-9-103(1)(b).

[31] *Hodgins v. Phila. Pub. Sch. Dist.*, 966 So. 2d 1279, 1283 (Miss. Ct. App. 2007).

11

No. 16-60597

\*       \*       \*

For the foregoing reasons, the judgment of the district court is AFFIRMED.