# United States Court of Appeals for the Fifth Circuit

---

No. 24-40574
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

April 29, 2025

Lyle W. Cayce
Clerk

Priscilla Gonzalez,

*Plaintiff—Appellant*,

*versus*

Herrman & Herrman, P.L.L.C.,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:22-CV-282

---

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:[*]

A plaintiff's *pro se* status does not excuse her "from her burden of opposing summary judgment through the use of competent summary judgment evidence." *Malcolm v. Vicksburg Warren Sch. Dist. Bd. of Trs.*, 709 F. App'x 243, 246 (5th Cir. 2017) (per curiam) (citing *Davis v. Fernandez*, 798 F.3d 290, 293 (5th Cir. 2015)).  In this case, however, *pro se* Plaintiff-Appellant Priscilla Gonzalez, who was discharged by Defendant-Appellee

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40574

Herrman & Herrman ("H&H"), asks us to do exactly that.  Accordingly, we AFFIRM the district court's judgment.

## I.

Gonzalez, a Hispanic woman, worked as a marketing assistant for H&H, a personal injury law firm.  In July 2020, H&H hired Joan Siopes as the firm's digital marketing director.  In October 2020, Gonzalez filed an EEOC charge[1] alleging that H&H reassigned her critical job duties to Siopes, a younger, white female.

In early November 2020, H&H learned that Gonzalez had started her own consulting firm and was soliciting consulting business from local personal injury law firms who were in direct competition with H&H.  For obvious reasons, H&H's policies do not allow its employees to work for competitors.  H&H fired Gonzalez on November 12, 2020.  According to the termination letter, Gonzalez was terminated for starting "a new marketing consulting business in which [she was] actively seeking business from other law firms that could potentially be our competitors."

Following her termination, Gonzalez sued H&H[2] alleging Title VII disparate treatment and retaliation.  In her complaint, Gonzalez contends that H&H reassigned her job duties and responsibilities to Siopes and that H&H fired her in retaliation for her EEOC charge.

## II.

The district court granted H&H's motion for summary judgment and dismissed Gonzalez's complaint.  The district court found that Gonzalez, in response to H&H's motion for summary judgment, offered no evidence that

---

[1] H&H denies that it was ever made aware of Gonzalez's EEOC charge.  We do not address this point because, in any event, Gonzalez fails to meet her summary judgment burden as a matter of law.

[2] Gonzalez also sued Gregory Herrman, but the district court dismissed her complaint against him.  She does not challenge that ruling on appeal.

her duties and responsibilities were reassigned, nor evidence that H&H's stated reason for termination is pretextual.

"We review a grant of summary judgment de novo, applying the same standard as the district court." *Salazar v. Lubbock Cnty. Hosp. Dist.*, 982 F.3d 386, 388 (5th Cir. 2020).

## III.

In Title VII cases, an employee must establish that her employer had discriminatory intent or motive for taking an adverse employment action. *Ricci v. DeStefano*, 557 U.S. 557, 577 (2009). As direct evidence of discriminatory intent is rare, an employee ordinarily proves her claim through circumstantial evidence. *Scales v. Slater*, 181 F.3d 703, 709 (5th Cir. 1999). When an employee offers circumstantial evidence, we apply the burden-shifting analysis introduced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which first requires the employee to establish a prima facie case of discrimination. *Wallace v. Methodist Hosp. Sys.*, 271 F.3d 212, 219 (5th Cir. 2001). "If the plaintiff establishes a prima facie case, then the employer has the burden of production to provide a legitimate, non-discriminatory reason for the adverse employment action." *Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 577 (5th Cir. 2020) (cleaned up). "If the employer meets this burden, then the plaintiff has the burden to prove that the proffered reason is pretextual." *Id.*

## IV.

Here, Gonzalez asserts two adverse employment actions: (1) reassignment of her duties and responsibilities; and (2) termination. Employing the *McDonnell Douglas* framework, we address each in turn.

We first address Gonzalez's allegations of reassignment. Gonzalez offers no evidence to support that her duties and responsibilities were reassigned to Siopes. She thus has not, as a matter of law, established a prima facie case. H&H, however, submitted an affidavit demonstrating that after Siopes was hired, none of Gonzalez's duties or responsibilities were ever

reassigned and none of Gonzalez's compensation, terms, conditions, and privileges of employment ever changed. Gonzalez offers no competing affidavit nor contrary evidence of any kind that challenges H&H's evidence. Thus, Gonzalez has failed to establish a prima facie case of unlawful reassignment.

We next turn to Gonzalez's allegation of unlawful termination. Again, Gonzalez wholly fails to meet her burden to show that H&H's proffered reason is pretextual. Assuming Gonzalez established a prima facie case, H&H has met its "burden of production to provide a legitimate, non-discriminatory reason for" her termination, that is, Gonzalez started a competing business. *Brown*, 969 F.3d at 577 (cleaned up). Under *McDonnell Douglas*, Gonzalez thus "has the burden to prove that [H&H's] proffered reason is pretextual." *Id.* Gonzalez only contends that H&H's stated reason for termination is a "lie." She offers no evidence that challenges H&H's assertions. Even liberally construing her *pro se* brief, Gonzalez's conclusory statement does not satisfy her burden. *Id.* ("[I]n order to survive a motion for summary judgment, a plaintiff must show 'a conflict in substantial evidence' on the question of whether the employer would not have taken the adverse employment action but for the protected activity." (quoting *Musser v. Paul Quinn Coll.*, 944 F.3d 557, 561 (5th Cir. 2019)). Thus, her claim of unlawful termination also fails.

## V.

In sum, Gonzalez provides no evidence in support of her claims of unlawful reassignment of her duties or unlawful termination. She thus cannot survive summary judgment. Accordingly, the judgement of the district court is, in all respects,

AFFIRMED.